FRANK G. WATSON, individually, and as executor of the last will and testament of JENNIE E. WATSON, deceased, *Appellant,* v. JOHN S. PHIPPS, JOHN C. GREGORY, PORTE F. QUINN and PALM BEACH COMPANY, a Corporation, *Appellee.*

En Banc.

Opinion filed March 18, 1930.

*Crawford & May* and *Lothrop Withington,* for Appellant;

*Fleming, Hamilton, Diver, Lichliter & Fleming,* for Appellee.

PER CURIAM.—On September 14, 1927, a bill of complaint was filed in the Circuit Court of Palm Beach County by Frank B. Watson, as an individual, and as executor of the last will and testament of Mrs. Jennie E. Watson, against John S. Phipps, John C. Gregory, Porte F. Quinn, and Palm Beach Company, a corporation, in which it was alleged in substance that in 1921 Jennie E. Watson, a resident of Massachusetts, being owner of described property in Palm Beach County, Florida, by correspondence with Porte F. Quinn of West Palm Beach, Florida, made Quinn her agent to sell the property. After various communications between the various parties, Quinn visited Mrs. Watson in Massachusetts and there stated to her that the price she asked for the land,

> "was too high; that there were eighty acres of back land and only twenty or twenty-two acres of front land that was of any value; that the back part of the land was low and was a kind of a marsh; that he could probably sell the land for $60,000.00 but it would take time; that he would take it over himself and pay $45,-000.00 for it, paying $10,000.00 cash and giving a three year mortgage for the balance at six per cent interest; that that was the best he could do; that by listing it as a broker he could probably get more but it would take a long time; that at the time of said interview said Quinn knew that Jennie E. Watson looked to him to advise her as her agent with all the skill, judgment and discretion which she might expect from him as her

real estate broker, and the said Jennie E. Watson, believing the situation required of Quinn absolute fidelity, relied upon said Quinn's judgment, opinion, statements and representations, particularly the representations that he could not close any deals and that it would take some time to sell the property, finally consenting to sell said land to said Quinn as the purchaser; that following the obtaining of said property by said Quinn the defendant John S. Phipps claimed and asserted that said Quinn was, at the time he received said contract and deed from said Jennie E. Watson, the agent of said Phipps for the purchase of said property and that whatever property said Quinn acquired thereafter was held by said Quinn as trustee for said Phipps, who for the purpose of maintaining said claim brought a suit in equity against said Quinn in which the said Jennie E. Watson was named as a party defendant by reason of the fact that she held the aforesaid mortgage. This claim the defendant Quinn vigorously denied and assured the said Jennie E. Watson that the claim was without foundation and was merely an attempt by said Phipps to get the property from him. The said Jennie E. Watson believed the assertions of said Quinn and never knew that in truth said Quinn was acting as the agent of said Phipps, the said Jennie E. Watson having deceased before the final determination of said litigation and the establishment of the fact that said Quinn was acting for said Phipps; that by reason of the facts hereinbefore alleged the said Quinn never acquired an indefeasible title to said land as against said Jennie E. Watson and that the defendant Phipps by operation of law can only take the benefit of said Quinn's contract *cum onere* and subject to the equities of said Jennie E. Watson, in-

cluding the right of said Jennie E. Watson to repudiate the contract and deed procured by said Quinn, and rescind the same because secured by fraud; that said Jennie E. Watson departed this life, testate, on the 30th day of December, 1926, and by her last will and testament, duly probated, complainant is the devisee of said land; that complainant hereby offers to do equity in the premises and hereby tenders to such of the defendants as may be found by this court to be entitled thereto said sum of ten thousand dollars paid by said Quinn to said Jennie E. Watson and hereby further tenders such sum for taxes on said land and interest on said mortgage note as may have been paid by said defendants or any of them, and lawful interest on said sums, and complainant hereby further tenders said mortgage and note for cancellation.''

''The premises considered, your orator respectfully prays:

''1. That the court find and decree that said defendant, Porte F. Quinn, was the agent of said Jennie E. Watson and that the said false representations and fraudulent concealments were a fraud upon said Jennie E. Watson sufficient to vitiate said contract and deed, and that said contract and deed be rescinded and cancelled and complainant be decreed to be the owner in fee simple of said land.

''2. That an accounting may be had under the direction of the court to ascertain the sum of money complainant should pay into the registry of the court for and on account of moneys paid to said Jennie E. Watson and for interest thereon, and for taxes and interest thereon.

''3. That the said deed from said Porte F. Quinn

to said John C. Gregory be cancelled as a cloud upon complainant's title to said land.

"4. That the defendants hereto and all persons claiming by, through and under them, and each of them be enjoined from asserting any claim to or interest in said land.

"5. That complainant may have any other and further or different relief in the premises as to which he may, either individually or as executor of the will of said Jennie E. Watson, in equity and good conscience be entitled."

The bill of complaint referred to a prior suit between some of the parties involving the lands in controversy. Defendant Phipps presented the following demurrer:

"1. The complainant's action is barred by laches.

"2. The complainant's action to rescind was waived by the acceptance of benefits under the contract with Quinn after knowledge of the alleged fraud.

"3. Upon the facts alleged in said bill, it affirmatively appears that complainant cannot maintain the within action against this defendant in this court.

"4. The allegations of said bill are insufficient to show that the defendant, Porte F. Quinn, was the agent of said Jennie E. Watson prior to and at the time of the transaction alleged in said bill, between said Quinn and said Jennie E. Watson, whereby it is alleged said Jennie E. Watson consented to sell the land described in the bill of complaint to said Quinn.

"5. It affirmatively appears that the final decree formerly rendered in this court on the 6th day of August, A. D. 1924, and recorded in Chancery Order Book 14, page 346, of the records of this court, in

that certain suit wherein this defendant, John S. Phipps was complainant, and the defendant herein, Porte F. Quinn, and said Jennie E. Watson, were defendants, precludes complainant in the within suit from attempting to set forth the matters therein alleged as the basis for equitable relief against this defendant, John S. Phipps.

"6. It affirmatively appears that the opinion of the Supreme Court of Florida, rendered on the 21st day of April, 1927, and reported at page 419, of Volume 113, Southern Reporter, affirming the final decree of this court, dated the 6th day of August, 1924, precludes complainant from attempting to set forth the alleged matters stated in said bill of complaint as the basis for equitable relief against this defendant.

"7. It affirmatively appears that the opinion of said Supreme Court of Florida in said suit, wherein the defendant, Porte F. Quinn, and said Jennie E. Watson were appellants, and this defendant, John S. Phipps, was appellee, in affirming the final decree of this court, entered on the 6th day of August, 1924, established and decided that defendant, Quinn, was not the agent of said Jennie E. Watson at the times set forth in the bill of complaint filed herein.

"8. The allegations of said bill are insufficient to show that this defendant, John S. Phipps, does not hold an indefeasible title to the land described in said bill of complaint, as a *bona fide* purchaser for value without notice of any alleged equities existing between said Jennie E. Watson and said Porte F. Quinn.

"9. The allegations of said bill that this defendant by operation of law could only take the benefit of said Quinn's contract "*cum onere*" and subject to the

alleged equities of said Jennie E. Watson, is a mere conclusion of the pleader without supporting basis in the averments of said bill.

"10. The allegations of said bill are insufficient to show any right of said Jennie E. Watson to repudiate said contract and deed, by reason of any matters in said bill of complaint set forth.

"11. The court will take judicial notice that complainant is precluded from maintaining the within bill of complaint by the averments of the third paragraph of the answer of said Jennie E. Watson, signed by her, in her lifetime and filed in the records of this court on the 21st day of November, 1922, in said suit lately herein pending, wherein this defendant, John S. Phipps, was complainant and defendant, Porte F. Quinn, and said Jennie E. Watson, were defendants, in which paragraph of said answer said Jennie E. Watson did admit that she did enter into the agreement on the 14th day of April, 1922, referred to in the bill of complaint herein filed, and did agree to sell to said Quinn said tract of land for $45,000.00, but in said paragraph of said answer, said Jennie E. Watson did particularly aver that at said time said Porte F. Quinn was not and had not been acting as the authorized agent of said Jennie E. Watson for the sale of said land.

"12. It affirmatively appears that complainant cannot maintain said bill of complaint in the capacities therein stated.

"13. It affirmatively appears that upon the facts alleged in said bill of complaint, considered in connection with the decree of this court, and the decisions of the Supreme Court of Florida, of which this court will take judicial notice, that complainant

cannot maintain said bill of complaint against this defendant, in the manner and form herein attempted to be set forth.

"14. The contract between Jennie E. Watson and Quinn was ratified by Jennie E. Watson after she obtained knowledge of Quinn's fraud in concealing Phipp's offer.

"15. The facts set out in the bill of complaint are not sufficient to show that the failure of the defendant Quinn to report the Gregory offer to Jennie E. Watson was such a fraud upon Jennie E. Watson as to give her executor a right of action to rescind."

The court and the parties treated the demurrers as being appropriate. The demurrers were sustained and the complainant declining to amend, the bill of complaint was dismissed. On appeal the complainant below assigns as error the orders sustaining the demurrers and dismissing the bill of complaint.

In substance, the contention of the appellant is that Quinn misled Mrs. Watson, the owner, as to the character and value of the land she sold to him and that the sale should be rescinded and the property rights restored to the complainant as against all of the defendants.

The former suit referred to in the pleadings was brought April 29, 1922, by John S. Phipps, against Porte F. Quinn, Jennie E. Watson and others seeking to have Phipps adjudged to be entitled to the lands bought by Quinn from Mrs. Jennie E. Watson, upon the ground that Quinn, a real estate broker, had undertaken to present to Mrs. Watson a cash offer for the land and, in violation of his fiduciary relation to Phipps, had purchased the land for himself. The complainant Phipps prevailed. Quinn v. Phipps, 93 Fla. 805, 113 So. R. 419.

In the answer of Mrs. Jennie E. Watson, filed November

21, 1922, in the suit brought by Phipps against Quinn and others, she made no claim that she had been imposed upon by Quinn in selling him the land, but states circumstances of the sale of the land to Quinn and recognized it as a completed sale, in which she then acquiesced, she then holding a mortgage on the lands for balance of purchase price. When her answer was filed, Mrs. Watson must have known of the allegations of the bill of complaint.

Mrs. Watson knew of Quinn's failure to present to her Phipps' offer of a higher price than Quinn offered for himself; and this indicated that the representations of Quinn to Mrs. Watson as to the character and value of the lands were not true; yet Mrs. Watson with such information and with knowledge of Phipps' claim to the lands as against Quinn's purchase for himself, testified in the case of Phipps v. Quinn, in which she was a party defendant, that she was "thoroughly satisfied in all respects with the manner in which Mr. Quinn has dealt with" her in this transaction.

In her answer in the case of Phipps v. Quinn, Mrs. Jennie E. Watson states that when she sold the lands to Quinn "as a matter of fact, at said time said Porte F. Quinn was not and had not been acting as the authorized agent of this defendant for the sale of said land." In this case in the bill of complaint brought by the son and executor of Mrs. Jennie E. Watson, it is alleged that "Quinn knew that Jennie E. Watson looked to him to advise her as her agent with all the skill, judgment and discretion which she might expect from him as her real estate broker," and it is prayed that it be decreed that Quinn was the agent of Jennie E. Watson.

Before Mrs. Watson completed the sale of the lands to Quinn, she was informed that Phipps was claiming a right to the lands as against Quinn upon the ground that Quinn

as a real estate broker had undertaken to make an offer for the land for Phipps but had purchased it for himself; and such information was conveyed to Mrs. Watson under circumstances that gave her notice of Quinn's conduct in the premises and was sufficient to put her upon inquiry as to the course pursued by Quinn in obtaining the land for himself; which inquiry would have disclosed the character and value of the land, which it is now claimed were misrepresented to her by Quinn.

But instead of inquiring into the conduct and statements of Quinn, while her contract with him was subject to rescission by her even after it was executed, if Quinn had misrepresented to her the character and value of the land, she chose to conclude the contract of sale to Quinn, knowing that Phipps was claiming in a suit rights in the land that she was granting to Quinn. Her testimony as a witness in the Phipps v. Quinn suit clearly shows that she was aware that the lands could be sold for more than Quinn was to pay her for them, and that notwithstanding this she preferred to sell to Quinn at a lower price. If the lands could have been sold for a higher price, their character and value could not have been as represented to her by Quinn, yet she chose to sell to Quinn, knowing that Phipps was willing to pay more for the lands and that in the suit in which she was testifying Phipps was enforcing his claim to the lands as against Quinn to whom Mrs. Watson sold them, and her testimony was given when she had information that should have prompted her to enquire as to Quinn's conduct in the premises if she cared not to complete the sale to Quinn at a lower price than she then knew could be obtained. The information she had, clearly indicated the character and value of the lands were not as had been stated to her by Quinn when she sold the lands to him. Mrs. Watson, though advised by her son, now

her executor, did not then choose to object or disclaim her contract of sale when she knew Phipps was claiming against Quinn the benefit of her sale of the lands to Quinn. It is now too late for her son and executor to complain of Quinn's conduct after Phipps' rights in the lands have been acquired and adjudicated in a suit in which Mrs. Watson was a party defendant who both answered and testified in the cause, and acquiesced in her sale of the lands to Quinn knowing of Phipps' claim against Quinn.

Affirmed.

WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.

TERRELL, C. J., not participating.