CITY OF NORTH MIAMI BEACH, a municipal corporation, in Dade County, Florida, v. STATE OF FLORIDA, ex rel. J. TOM WATSON, Attorney General, et al.

12 So. (2nd) 167                                        January Term, 1943
March 5, 1943                                                       En Banc

*Albert S. Dubbin* and *Arthur S. Friedman,* for appellant.

*J. Tom Watson,* Attorney General, and *Worley & Gautier,* for appellees.

SEBRING, J.:

The sole question before us is whether the judgment of ouster entered on demurrer to the amended answer of respondent was proper.

The amended answer denied material allegations of the information and also included much other matter set up by way of an affirmative defense.

The judgment of the lower court must be reversed on authority of our opinion in The City of Ormond, v. State of Florida, ex rel., J. Tom Watson, Attorney General, 12 So. (2nd) 114, filed February 19, 1943, and not yet appearing in the bound volume of the Florida Reports. In that opinion the Court, speaking through Mr. Justice ADAMS, held that "judgment on the pleadings will not be given for relator when the answer alleges facts presenting an issue necessitating a trial. Watson v. Phipps, 99 Fla. 568, 126 So. 778; City of Coral Gables v. State, 148 Fla. 671, 5 So. (2nd) 241."

The judgment is reversed for further proceedings in conformance with law.

It is so ordered.

TERRELL, BROWN, THOMAS and ADAMS, JJ., concur.

BUFORD, C. J., and CHAPMAN, J., dissent.

BUFORD, C. J., dissenting:

I do not find in the amended answer when considered in its entirety allegations sufficient to constitute a defense or sufficient to constitute a basis for affirmative relief. There is no showing in the pleadings except those which lead to the conclusion that the area sought to be ousted was never legally included in the municipality. It never has (according to the pleadings) received municipal benefits and in its present physical condition is not fit to be the recipient of municipal benefits.

Therefore the judgment of ouster should be affirmed.