## CROWELL v. M. R. & R. TRUCKING CO.
### No. 11682.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1946.

Robert B. Albritton, of Andalusia, Ala., for appellant.

J. E. D. Yonge and E. Dixie Beggs, both of Pensacola, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

This case arises under the Florida Guest Statute, Sec. 320.59, Fla.St.Ann.[1]

The three principal questions set up for our consideration are:

(1) Was the lower Court in error in allowing the defense of contributory negligence to be interposed?

(2) Are the terms "gross negligence" and "willful and wanton misconduct" synonymous?

(3) Was the lower Court in error in failing to charge the jury on the doctrine of the last clear chance?

Answering these questions in the reverse order in which they are stated, we say that there is nothing in the evidence upon which an instruction as to the last clear chance could be predicated because there is no evidence that the driver of the Defendant's truck knew that the deceased was in peril until after he had fallen from

---

[1] "320.59 Liability to guest or passenger. No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state."

the truck and received the injuries that caused his death. Moreover, there was no request made to the lower Court to give a charge based on the doctrine of the last clear chance and no exception taken to the Court's failure to give such a charge.

The second question as to whether the terms "gross negligence" and "willful and wanton misconduct" are synonymous has been answered in the affirmative by the Supreme Court of Florida in three recent cases.[2] Its decisions in such cases are binding on us.[3]

We have been referred to no case wherein the Supreme Court of Florida has passed upon the applicability of the doctrine of contributory negligence in a case arising under the Florida Guest Statute, as is posed by the first question.

The statute denies a right of action to a non-paying guest against his automobile host "unless such accident shall have been *caused* by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the *proximate cause* of the injury, death or loss for which the action is brought; * * *."

It will be noted that the wording of the statute as to the *cause* of the accident does not seem to contemplate that the accident can be caused by gross negligence of the Defendant and something else, or, that is, by some other intervening cause. Whether that be true or not—a matter which we do not decide—the statute provides that the guest must show that such gross negligence or willful and wanton misconduct was the *proximate* cause of the injury. The statute also provides that the question of proximate cause shall be for the jury. The question of contributory negligence is so related to the question of proximate cause that the two cannot well be separated. If the jury has the right to determine proximate cause, it undoubtedly has the right to determine whether the negligence of the Plaintiff or the negligence of

the Defendant was the proximate cause of the accident or injury. We hold, therefore, that the Court below was not in error in refusing to strike the defense of contributory negligence nor in submitting that issue to the jury.

If the lower Court were in error in submitting any issue to the jury, it was in submitting the case to the jury at all, because the Plaintiff failed signally to prove any acts or omissions on the part of the Defendant's driver such as would give rise to the degree of misconduct required under the statute as interpreted by the Supreme Court of Florida and in the light of which the lower Court charged the jury.

The judgment of the Court below is affirmed.

---

[2] Cormier v. Williams, 148 Fla. 201, 4 So.2d 525; McMilian v. Nelson, 149 Fla. 334. 5 So.2d 867; Orme v. Burr, Fla.. 25 So.2d 870.

[3] Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487.