63 So.2d 192 (1953)
HENLEY
v.
CARTER et al.
CARTER
v.
CARTER et al.
Supreme Court of Florida, Division A.
February 17, 1953.
Will O. Murrell and Wm. O. Murrell, Jr., Jacksonville, for Melba Henley.
Walter G. Arnold, Jacksonville and Stanly Arnold, Susanville, for Marian Carter.
Howell & Howell, Jacksonville, for appellees.
TERRELL, Justice.
Both these appeals are from judgments in favor of defendants in personal injury actions that grew out of a common automobile accident, based on the Guest Statute, Section 320.59, F.S.A.
The sole point for determination is whether or not contributory negligence may be imposed as a defense in an action for personal injuries brought under the Guest Statute, which requires the claimant to show "gross negligence" and "willful and wanton misconduct".
It appears that the driver of the automobile and some of the guests had been drinking before commencing the journey in which the accident took place. It is shown that the weather was unsettled, that it was windy, rain was falling and thunder and lightning were constant. There is no showing of rapid speed or wabbling from one side of the road to the other. It is shown that the automobile struck a narrow wooden bridge and careened into the creek, causing the accident out of which these suits were precipitated.
There might be circumstances under which contributory negligence would not be a proper defense in a case of this kind, but other states authorizing actions for recovery under the guest statute, hold that contributory negligence or assumption of risk is a good defense, and if this court has not directly so held, the inference from our decisions is such as to be equivalent to so holding. Knudsen v. Hanlan, 160 Fla. 566, 36 So.2d 192; Shams v. Saportas, 152 Fla. 48, 10 So.2d 715; Peninsular Telephone Co. v. Marks, 144 Fla. 652, 198 So. 330; Crowell v. M.R. & R. Trucking Co., 5 Cir., 157 F.2d 963; McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508; Lewis v. Chitwood Motor Co., 196 Ark. 86, 115 S.W.2d 1072; House v. Schmelzer, 3 Cal. App.2d 601, 40 P.2d 577; Horne v. Neill, 70 Ga. App. 602, 29 S.E.2d 275; Petersen v. Abrams, 188 Or. 518, 216 P.2d 664. Many other cases might be cited supporting this view.
The mere fact that one is injured in an automobile accident does not ipso facto open the door for relief. One relying on the guest statute is required to exercise such prudent care as the circumstances warrant. If he voluntarily rides *193 with one who is not a safe driver by reason of having imbibed too much, or is, for other reasons, not in condition to embark on the journey, he may be guilty of contributory negligence that will preclude recovery.
The judgment appealed from is therefore affirmed.
Affirmed.
HOBSON, C.J., and THOMAS and SEBRING, JJ., concur.