HOBSON, Justice.
This is an appeal by the plaintiff from a summary final judgment for the defendant.
The complaint alleged that the defendant was the owner of a certain automobile which was being driven by Robert Deeb, with the knowledge and consent of the de *506 fendant, in a northerly direction on 49th Street in St. Petersburg and that by reason of the gross negligence of the defendant’s driver the automobile overturned and the plaintiff, a passenger, was thrown out and injured. The gross negligence alleged consisted of “stunting” with the car and “deliberately zigzagging the said automobile to and fro across the highway.” The defendant answered, denying gross negligence. Depositions of the plaintiff and of Robert Deeb were taken and an affidavit was obtained from one Robert Simmons, who was also a passenger in the car when the accident occurred. The defendant moved for summary judgment and the court, after considering the pleadings, depositions, and affidavit, found that there was “no genuine issue of any material fact upon the issue of gross negligence or willful and wanton misconduct, all favorable inferences having been granted to the plaintiff * * * ”, granted the motion and entered the judgment appealed from.
The depositions and affidavit show that the three young men were embarked upon a hunting trip in the early morning. They were proceeding along a straight road in Pinellas Park, a community outlying St. Petersburg, at a speed of about 55 to 60 miles per hour. The plaintiff was describing an automobile accident in which he had almost been involved and said that it had been necessary for him to pull the wheel of his car sharply to the left in order to avoid another car. Robert Deeb, the driver of the car in which the three were riding, apparently by way of illustrating the plaintiff’s story, said, “like this” and deliberately pulled the wheel of the car sharply to the left. The car nearly went off the left hand side of the road and Deeb swerved the car back to the right to stay on the road, whereupon the car crossed the road and went off the right shoulder. Deeb then pulled the car to the left again but the car rolled over. The car apparently went out of control just as Deeb first pulled the steering wheel to the left and in his operation of the car thereafter, he was attempting to restore it to control rather than “deliberately zigzagging” across the road.
The critical question upon this appeal is whether or not Deeb’s action in deliberately pulling the wheel sharply to the left while the car was proceeding at a speed of 55 or 60 miles per hour constituted gross negligence. In Bridges v. Speer, Fla., 79 So.2d 679, 682, we said:
“We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property.”
On the evidence here before us we do not believe it could be said, as a matter of law, that the deliberate action of the driver in pulling the wheel sharply to the left at the speed indicated would not “probably and most likely result in injury to persons or property”, and this is the determination which we would have to make in order to affirm the judgment appealed from. This is too close a case for such a result and in Schneider v. Saxon, Fla., 82 So.2d 501, in connection with guest statute cases, we said:
“It should not be overlooked that gross negligence in such cases is a question for the jury.”
We think that this question should be submitted to a jury, functioning under proper instructions as to negligence and gross negligence.
It follows that the judgment appealed from must be, and it is hereby, reversed and the cause remanded for further proceedings not inconsistent with this opinion.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.