89 So.2d 485 (1956)
James S. WELCH, Administrator of Estate of W.H. Bowen, deceased, Appellant,
v.
Bertha MOOTHART, Appellee.
Supreme Court of Florida. Special Division A.
September 12, 1956.
*486 Mabry, Reaves, Carlton, Fields & Ward and O.K. Reaves, Tampa, for appellant.
J. Hardin Peterson, Jr., Lakeland, for appellee.
HOBSON, Justice.
This is an appeal by defendant, as administrator of the Estate of W.H. Bowen, deceased, from a judgment of the circuit court entered consequent upon a verdict for the plaintiff for damages growing out of an automobile accident.
The basic facts of the case are as follows: Appellee, a widow, joined Mr. and Mrs. Bowen, whom she knew slightly, for an evening at the V.F.W. Club in Lakeland. While they were at the V.F.W. Club, according to the testimony of the witness Kintz, who had been bartender there, Mr. Bowen had six or seven bottles of ale. The Bowens left the club at about midnight with appellee as a passenger in their car. While the car was proceeding down the street which was approximately six lanes wide, including the parking lanes at the sides, it hit a truck which was lawfully parked in the parking lane with its wheels alongside the curb. Mr. and Mrs. Bowen died before trial. Appellee was severely injured in the accident and has no recollection of it. No testimony or statement of the Bowens has been preserved.
Appellant first contends that the evidence is not sufficient to show gross negligence. We are of the opinion that appellee demonstrated by the preponderance of the evidence facts from which the jury could have concluded that the decedent driver became intoxicated and drove his automobile at a considerable rate of speed into a truck lawfully parked at the side of an exceptionally wide street, which was adequately lighted, and we cannot say as a matter of law that the jury was not authorized to conclude that this constituted gross negligence. The jury was acting under proper instructions, and it is to be remembered that gross negligence in such cases is a question for the jury. Clements v. Deeb, Fla., 88 So.2d 505; Schneider v. Saxon, Fla., 82 So.2d 501.
We next consider the fourth point raised by the appellant wherein it is urged that the court erred in denying a motion made by the defense for leave to interpose a plea of contributory negligence. An examination of the record shows that the jury was thoroughly and correctly charged on the issue of contributory negligence. 30 F.S.A. Rule 1.15(b), Florida Rules of Civil Procedure, provides in part, in connection with amendments to pleadings:
"(b) Amendments to Conform with the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." (Emphasis supplied.)
The issue of contributory negligence was in fact tried by the parties and appellant has failed to show that any evidence which was offered on this issue was excluded by the trial judge. We can perceive no abuse of discretion or harmful error which could have prejudiced the defendant upon this aspect of the case.
The remaining contention made by appellant involves the second and third points he raises, which relate to contributory negligence of the appellee. It is alleged in the amended complaint that the *487 driver was too intoxicated to drive safely, "which fact was unknown to the plaintiff * * *." From this appellant reasons in part that appellee assumed the burden of proving her freedom from contributory negligence in that she did not know of the alleged intoxication. This allegation was denied in appellant's answer. Of course, under the rules, contributory negligence and assumption of risk are affirmative defenses. An allegation of freedom from contributory negligence or assumption of risk in a complaint, not being part of the claim for relief, amounts to mere surplusage. In this case, the issue which was made by the allegation and denial, although improper as a matter of pleading, was treated by the parties as sufficient to cause such issue to be tried, which explains the unusual procedural situation we considered above in connection with the fourth point raised by appellant. But as a matter of substantive law, it cannot be said to have shifted the burden of proof, which remained on the appellant, as defendant below.
It is true that there are circumstances disclosed by the testimony which suggest that appellee was in sufficiently close proximity to the decedent driver to judge his condition. But the defendant's witness Harris, who was a long time friend and associate of Bowen, testified that there was nothing in the conduct or behavior of Bowen to indicate that he was intoxicated except that he was "singing a little bit", which might have been explained by the fact that he was celebrating "a birthday or anniversary or something of that sort." The bartender testified that he had cautioned the decedent about his drinking, but appellee was not present when the words of warning were spoken. The appellee had had little or nothing to drink. When they were found in the wrecked automobile their positions indicated that Bowen was driving, Mrs. Bowen was seated next to him, and the appellee was seated on the outside.
Admittedly, the evidence on the issue of whether or not appellee knew of the decedent's condition renders the case an extremely close one, but under all the circumstances we believe that such issue was one for the jury and that it cannot be said as a matter of law that the jury was not authorized to conclude that the appellee remained in ignorance on this critical point. It follows that the judgment appealed from must be, and it is hereby, affirmed.
Affirmed.
TERRELL, Acting C.J., BUFORD, J., and CROSBY, Associate Justice, concur.