DREW, Chief Justice.
This is an appeal from a final judgment of ouster entered against the appellant, City of Tarpon Springs, in a quo warranto proceeding ousting the City of all jurisdiction over certain lands which had been embraced within its corporate limits since the year 1925.
The answer of the City not only denied all of the material allegations of the information but alleged substantial and pertinent facts as a basis for affirmative relief. Following the filing of the City’s answer, relator, appellee here, moved for the entry of a judgment of ouster notwithstanding the answer. This motion was granted and the judgment appealed from was entered without any evidence being adduced.
The disposition of this case is ruled squarely by our judgment in City of Or-mond v. State, 152 Fla. 419, 12 So.2d 114, and in the earlier case of City of Coral Gables v. State, 148 Fla. 671, 5 So.2d 241, 244. In the latter case pursuant to a motion by relator for judgment of ouster notwithstanding the return, the Circuit Judge, without taking any evidence, entered a judgment of ouster.
There we said:
“Allegations about the remoteness of the property were contained in the petition and were flatly denied in the return which placed the burden of proving them on the relators. There were incorporated in the answer certain affirmative pertinent statements with reference to the development and improvement of the city and the availability to the co-relators when needed of all public utilities and other services expected of a municipality and usually furnished or performed by one. Thus, issuable questions of estoppel and physical conditions were raised which necessitated the introduction of testimony.”
In the former case in dealing with the identical question we said:
“This court is committed to the rule that judgment on the pleadings will not *607 be given for relator when the answer alleges facts presenting an issue necessitating a trial. Watson v. Phipps, 99 Fla. 568, 126 So. 778; City of Coral Gables v. State, 148 Fla. 671, 5 So.2d 241. It was therefore error to enter judgment on the pleading in this case and the judgment is reversed.”
The record in this case clearly established that the answer of the respondent, City of Tarpon Springs, clearly presented many genuine issues of material facts which if established would entitle the respondent to an order quashing the writ. It is our view that the lower court erred in entering the judgment appealed from.
The judgment is reversed and the cause remanded for further proceedings.
TERRELL, THOMAS, HOBSON, ROBERTS and THORNAL, JJ., and PRUNTY, Associate Justice, concur.