SHANNON, Judge.
Appellant, plaintiff below, brings this appeal from a final judgment dismissing this cause as to the City of Orlando. When the plaintiff originally brought this suit, he ’ sued two defendants, Lewis W. Rowe and the City of Orlando, in a tort action. The defendant city filed a motion to dismiss the complaint, which motion was denied in the first instance but afterwards was re-argued and granted by the trial court. The record does not show whether an answer was filed by the defendant Rowe or whether a default judgment was entered against him. The plaintiff then filed an amended complaint alleging that he was a guest of Lewis W. Rowe in a certain station wagon, that on the 23rd day of May 1957 at 3:15 p. m. the defendant city through its servant and employee carelessly and negligently stopped and parked its International trash dump truck automobile on Westmore-land Drive, within its intersection with Smith Street, and that the trash truck had all four wheels on a public street and an intersection and in the path of the easterly flow of traffic on Smith Street, contrary to a certain city ordinance. He further states that Lewis W. Rowe operated the station wagon into and upon said trash truck.
The city filed an answer to the amended complaint admitting certain allegations and denying others. For an affirmative defense the city alleged that Rowe was intoxicated at the time, that he was incapable of properly operating the car, that the plaintiff had knowledge thereof, that Rowe failed to stop at a stop sign on the street intersection, and that his negligence was the proximate cause of the collision. For another affirmative defense the city reiterated the facts set forth in its first affirmative defense and alleged that the negligence of Rowe was imputable to the plaintiff. As a third affirmative defense the city set out certain facts and alleged a joint venture between Rowe and the plaintiff. For its last affirmative defense the city relied upon its allegations in several of the other affirmative defenses and alleged that the plaintiff voluntarily assumed the risk in that he and Rowe had become intoxicated together. Thereafter, some depositions were taken, but these were not used on the motion for judgment on the pleadings. The lower court then on application for judgment on the pleadings and, in the alternative, for summary judgment, entered a final judgment for the city on the pleadings, but no reason for its action is given in its order of final judgment. The plaintiff argued some four points on appeal, whereas the city restated the points and has only two. Insofar as our opinion is concerned, only one question will be considered, and that is whether the amended complaint and the answers of the city as a matter of law show no liability on the city.
From the briefs and argument of the parties it is quite clear to this court that the trial judge viewed this case as one wherein the negligence of the city in parking the trash truck was not the proximate cause of the accident or as one wherein the city was entirely without negligence. Insofar as the amended complaint is concerned, the city had a duty not to park its trash truck in a place that was viola-tive of the city ordinance. In the second place, the plaintiff, as alleged in the amended complaint, "was a passenger and the amended complaint does not allege facts from which it can be said as a matter of law he was contributorily negligent.
In Welch v. Moothart, Fla.1956, 89 So.2d 485, 486, wherein a passenger obtained a judgment, our Supreme Court said:
“The remaining contention made by appellant involves the second and third points he raises, which relate to contributory negligence of the appellee. It is alleged in the amended complaint that the driver was too intoxicated to drive safely, ‘which fact was unknown to the plaintiff * * From this appellant reasons in part that ap-pellee assumed the burden of proving *59 her freedom from contributory negligence in that she did not know of the alleged intoxication. This allegation was denied in appellant’s answer. Of course, under the rules, contributory negligence and assumption of risk are affirmative defenses. An allegation of freedom from contributory negligence or assumption of risk in a complaint, not being part of the claim for relief, amounts to mere surplusage. In this case, the issue which was made by the allegation and denial, although improper as a matter of pleading, was treated by the parties as sufficient to cause such issue to be tried, which explains the unusual procedural situation we considered above in connection with the fourth point raised by appellant. But as a matter of substantive law, it cannot be said to have shifted the burden of proof, which remained on the appellant, as defendant below.”
In the Welch case the passenger was suing for injuries received when the car in which she was riding struck a truck which was parked legally. Also in that case the driver of the car, as shown from the amended complaint, was too intoxicated to drive safely, “which fact was unknown to the plaintiff.” The court goes on to say in that case:
“Admittedly, the evidence on the issue of whether or not appellee knew of the decedent’s condition renders the case an extremely close one, but under all the circumstances we believe that such issue was one for the jury and that it cannot be said as a matter of law that the jury was not authorized to conclude that the appellee remained in ignorance on this critical point. * * *»
In Farrey v. Bettendorf, Fla.1957, 96 So.2d 889, where the father of a minor motor scooter passenger brought suit against the minor operator’s father and the owner of a parked automobile for injuries sustained by the minor when the motor scooter ran into the parked car, the lower court granted summary judgment to the automobile owner. On appeal the judgment was reversed, the fourth headnote stating:
“In actions by minor motor scooter passenger and by his father against father of minor operator of the motor scooter and owner of parked automobile for compensatory and punitive damages for injuries sustained and for medical expenses and loss of passener’s services as result of collision between motor scooter and parked automobile, question whether the automobile had been negligently or illegally parked so as to create a traffic hazard was sufficient to preclude entry of summary judgment for automobile owner. 30 F.S.A. Rules of Civil Procedure, rule 1.36(c).”
In the case just cited there was a question of whether or not the defendant’s car was parked illegally. In the present case it affirmatively appears by the amended complaint that the trash truck was parked illegally.
In the case of City of Ormond v. State ex rel. Watson, 1943, 152 Fla. 419, 12 So.2d 114, our Supreme Court said:
“This court is committed to the rule that judgment on the pleadings will not be given for relator when the answer alleges facts presenting an issue necessitating a trial. Watson v. Phipps, 99 Fla. 568, 126 So. 778; City of Coral Gables v. State, 148 Fla. 671, 5 So.2d 241. It was therefore error to enter judgment on the pleadings in this case and the judgment is reversed.”
The final judgment on the pleadings is reversed.
KANNER, C. J., and LUCKIE, CHARLES A., Associate Judge, concur.