FUSSELL, CARROLL, Associate Judge.
This appeal is by the plaintiff below from a summary judgment for the defendant. The decision of the lower court was based on the pleadings and the depositions and answer to interrogatories of the plaintiff upon motion of the defendant for summary judgment.
The undisputed facts as disclosed by plaintiff’s depositions show that the defendant came to plaintiff’s house about 2:00 P.M., where he remained until 3:00 P.M. while the plaintiff and a lady friend were dressing; that no drinks were had by the defendant, or anyone, at plaintiff’s house, and that there was nothing in his appearance to indicate that he had been drinking; that it took about twenty minutes to drive from plaintiff’s house to the Cozy Corner Bar, where they remained for an hour and five minutes, and during which time plaintiff had two bottles of beer and defendant had five or six bottles of beer; that the only evidence plaintiff observed that the defendant might be affected by alcohol was that in leaving her home and also the bar he backed out rapidly into the drive without looking; that she warned him on each occasion and that he immediately slammed on his brakes on receiving the warning. The accident occurred within five minutes, and a short distance, after leaving the bar. Plaintiff in her deposition states that about 100 yards from the bar they came to the main highway and stopped for the light to turn green; that there were two lines of traffic proceeding in the direction where the defendant was going and he took the *648 right-hand lane; that he did not pass any other cars and no cars passed him; that he started his car out fast on the change of the light, reaching a speed of about 35 miles an hour, when he noticed a car ahead of him suddenly stop and he immediately applied his brakes, skidded 17 feet into the rear of the other car, which accident caused her injuries. Plaintiff testified that the distance from the point of entry into the main highway to the point of impact with the rear end of the car in front of them was 25 feet. Plaintiff states that after the accident the defendant said “Oh, they will get me for drunk driving — they will get me for my driver’s license”, and that some time after the accident defendant told her brother that he, the defendant, had drunk one case of beer in the morning before coming to her house at two o’clock. Plaintiff also states that she had been told that the car ahead of them, which they ran into from the rear had stopped to pick up somebody.
These facts fall far short of showing gross negligence as required under the guest statute. Section 320.59 F.S.A.
The principal contention of the plaintiff is that this question of simple or gross negligence should not be determined by the court on motion for summary judgment, but should be left to the jury. The case of Herring v. Eiland, Fla., 81 So.2d 645, 647, deals directly with this point and involves somewhat similar facts. Summary judgment was entered in that case for the defendant based on the deposition of the defendant and the defendant’s wife. Mr. Justice Sebring, speaking for the court in that case, said that the deposition of the wife
“plainly showed either that the defendant had not been drinking excessively prior to the time the parties set out on their trip, or that to whatever extent he had consumed liquor or failed to obtain proper rest, these facts were known to Elsie Herring, who thereafter, without warning or objection, embarked upon the expedition and slept throughout the trip, and consequently, by assuming the risks of the journey, was quilty of contributory negligence which would bar recovery. Henley v. Carter, Fla., 63 So.2d 192 [44 A.L.R.2d 1339]; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353.
“(3) At the hearing on the motion for summary judgment the plaintiff did not present affidavits in support of the genuineness of the complaint, or affidavits in opposition to the motion showing that the plaintiff could not ‘for reasons stated present by affidavit facts essential to justify his opposition.’ See Rule 1.36(f), Florida Rules of Civil Procedure, F.S.A., Vol. 3. Therefore, all the trial court had before it at the hearing were the pleadings in the cause and the depositions of the defendant and his wife. These depositions, which were proper for consideration, under Rule 1.36(b) and (c), Florida Rules of Civil Procedure, supra, did not tend to disclose gross negligence on the part of the defendant; indeed, did not make out even a case of simple negligence. Under these circumstances it was perfectly proper for the trial court to enter the summary judgment in favor of the defendant. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525; Ling v. Edenfield, 5 Cir., 211 F.2d 705.”
We feel that the facts in this case indicate simple negligence at the most and that the plaintiff had ample opportunity and was fully aware of the condition of the defendant, since she was present with him at the time he drank the beer, and in fact also drank beer with him at the same time.
The case of Herring v. Eiland, supra, also definitely determines that granting of summary judgment for the defendant by the lower court based on dep- *649 oaitions and pleadings is the proper and correct action to be taken by the lower court.
The judgment appealed from is, therefore, affirmed.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.