PER CURIAM.
In this appeal by the defendant below from a final judgment entered for the plaintiff by the Circuit Court for Leon County the sole question before us is whether the evidence adduced at the trial was sufficient to establish gross negligence under the Florida Guest Statute as defined by the Supreme Court of Florida in a previous appeal of this case (Carraway v. Revell, Fla.1959, 116 So.2d 16).
The earlier appeal was filed by the plaintiff from a judgment for the defendant based upon the same evidence, and this court affirmed the judgment, holding that the definition of gross negligence applied by the trial court was correct under the ruling cases (Carraway v. Revell, Fla.App.1959, 112 So.2d 71). On motion of the plaintiff, we certified this question to the Supreme Court of Florida as a question of great public interest, as provided for by our Constitution, art. 5, § 4, F.S.A. (Carraway v. Revell, Fla.App.1959, 112 So.2d 75). The Supreme Court then rendered an opinion in which it held that gross negligence under the Florida Guest Statute (F.S.A. § 320.59) is “that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property.” [116 So.2d 22] The Supreme Court remanded the cause to this court for further proceedings and we accordingly entered an order reversing the judgment appealed from and remanded the cause with directions that, upon reconsideration in accordance with the principles set forth in the opinion of the Supreme Court of Florida, the trial court enter its final judgment (Carraway v. Revell, Fla.App.1959, 123 So.2d 400).
On remand the trial court, which had tried the case without a jury, reconsidered *876 the evidence in the light of the opinion of the Supreme Court of Florida, especially the above-quoted definition, and endeavored to apply that standard to the facts it found from the evidence. The court properly found from the evidence that the plaintiff’s son was fatally injured while riding as a passenger in the defendant’s automobile driven by one Cone with the defendant’s knowledge and consent on a public highway north of the city of Tallahassee when a sudden blowout of the right front tire occurred, causing the driver to lose control ■of the automobile so that it left the highway and traveled a distance of about 170 feet and struck a tree or trees; that the tire which blew out was smooth, had no tread, and the rubber had worn down to a very thin layer over the fabric of the tire; that at the time of the blowout the vehicle was being operated at a speed of approximately SO miles an hour on a hard-surfaced road which curved slightly to the left; that at the place of the accident the State Road Department had posted a sign designating the area as a 45 mile per hour zone; that the driver had notice of the said condition of the tire and that he should have known that there was much more than just a possibility that the tire would blow out and knew or should have known that if it did suddenly blow out at a speed of 50 miles an hour he would not have power to control the automobile and that someone was almost certain to get hurt. The court then concluded from the facts so found that it had been established by a preponderance of the evidence that the driver of the defendant’s vehicle was guilty of gross negligence which proximately caused the death of the plaintiff’s son.
Upon our study of the record in this case and the history of this case, we cannot say that the trial court abused its discretion in finding and concluding as it did when it applied the definition of gross negligence set forth in the Supreme Court’s decision, which is “the law of the case” here. The trial court, properly trying the case without a jury, was both a trier of the facts and a judge of the law, and so we do not have before us the usual question as to whether a judge has trespassed upon the province of a jury as a trier of the facts. We think that the court clearly had the right and discretion to find from the evidence that gross negligence on the part of the defendant was proven under the definition laid down by the Supreme Court.
We, therefore, hold that the trial court did not abuse its discretion in entering the final judgment appealed from, and the judgment is affirmed.
Affirmed.
WIGGINTON, Chief Judge, and STUR-GIS and CARROLL, DONALD, JJ., concur.