164 So.2d 814 (1964)
Thomas WEBSTER, a minor by his father and next friend, M.B. Webster, and M.B. Webster, individually, Petitioners,
v.
Kreis KEMP, a minor by his father and next friend, George Kemp, and George Kemp, individually, Respondents.
No. 33056.
Supreme Court of Florida.
March 25, 1964.
Rehearing Denied April 20, 1964.
*815 Sams, Anderson, Alper & Spencer and Sam Daniels, Miami, for petitioners.
Smith & Poole, Miami, for respondents.
THORNAL, Justice.
On a petition for a writ of certiorari we have for review a decision of the Third District Court of Appeal, which is alleged to be in conflict with a prior decision of this Court.
We must decide whether the decision in the instant case conflicts with a prior decision of this Court on the same point of law when applied to substantially the same controlling facts.
The decision under review is Webster v. Kemp, Fla.App., 156 So.2d 669. The significant facts are revealed by that opinion. Thomas Webster, a minor, was a guest passenger in an automobile owned by George Kemp and driven at the time by his minor son, Kreis Kemp. Webster was injured when an accident occurred under the following circumstances:
"The posted speed limit was 45 miles per hour. Kreis Kemp admitted he was going between 75 and 80 miles per hour. The road was straight and level. It was daylight and the weather conditions were not a factor in the accident. The minor defendant lost control of the car when the back began to sway, and the car left the road, turning over 2 1/2 times. In his deposition Kreis Kemp stated that he had been driving about five months and that he had noticed the car had a tendency to sway or `fishtail' when going around corners."
On the basis of the cited facts the trial judge granted a summary judgment in favor of the defendants automobile owner and driver. On appeal, the District Court affirmed, holding that the facts revealed simple negligence only as a matter of law. It cited the decision of this Court in Carraway v. Revell, Fla., 116 So.2d 16. A showing of gross negligence under the Florida guest statute would have been essential to recovery. Section 320.59, Florida Statutes, F.S.A. The contention of the petitioner is that the instant decision is in conflict, rather than in harmony, with Carraway v. Revel, supra.
We have held that a jurisdictional conflict arises when a District Court applies a correct rule of law to produce a conflicting result "in a case which involves substantially the same controlling facts as a prior case disposed of by this Court." The petitioner claims the presence of such a conflict. In this type of situation the similarity of the essential facts becomes of vital importance. The conflict arises when the District Court applies a recognized rule of law to lead it to a conflicting conclusion in a case which is substantially the same factually as a prior decision of this Court or another District Court. Nielsen v. City of Sarasota, Fla., 117 So.2d 731; Pinkerton-Hays Lumber Co. v. Pope, Fla., 127 So.2d 441.
The District Court was here confronted with the difficult problem of determining the presence or absence of gross negligence as a matter of law on the basis of admitted facts. In Carraway v. Revell, supra, we announced the rule that "gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property." In the instant case the District Court recognized this pronouncement. It then proceeded to apply this measure of gross negligence to the admitted facts here. It reached the conclusion that such facts amounted to simple rather than gross negligence as a matter of law. In order to reach a conflict, therefore, the petitioner has the burden of producing *816 a prior decision on substantially the same controlling facts which led to an opposite result. To meet this burden the petitioner points again to Carraway v. Revell, supra.
In Carraway v. Revell, supra, under substantially similar factual circumstances we held that the presence or absence of gross negligence would have to be resolved by the trier of the facts, rather than by the Court as a matter of law.
The facts which were before us in Carraway v. Revell, supra, are reflected in the opinion of the District Court of Appeal, First District in Revell v. Carraway, Fla. App., 124 So.2d 874, after remand and subsequent reconsideration by the trial judge. The essential facts were that the injury occurred when the automobile was being driven at a speed of fifty miles an hour in a 45 mile zone, and it capsized because of a tire blow-out. The driver had knowledge of the defective tire. It was held that the speed plus knowledge of the defect which was directly related to the occurrence of the accident and injury were sufficient to take the case to the trier of the facts on the question of gross negligence. Section 320.59, Florida Statutes, F.S.A. This was the holding of the Court of Appeal, First District, pursuant to the decision of this Court in Carraway v. Revell, supra.
In the case now before us the admitted facts revealed speed  seventy-five to eighty miles per hour  plus knowledge of a defect directly related to the occurrence  the tendency of the vehicle to sway or "fishtail." Here the trial court, with District Court approval, withdrew the problem from the trier of the facts and concluded the contest as a matter of law.
We are therefore confronted by two situations which are substantially the same in controlling facts but which have produced opposite results when subjected to the same rule of law. In Carraway it was held that the gross negligence issue should be submitted to the trier of facts. In Webster it was held that the issue could be resolved as a matter of law. Nielsen v. City of Sarasota, supra, Hence, we detect the jurisdictional conflict which leads to our ultimate judgment.
It should be noted that in both instances the known defect was directly related to the occurrence. In other words, the known defect, plus speed allegedly combined to produce the proximate cause of the injury. An unrelated defect would not have the same impact. By the same token, the known defect absent the speed, would not necessarily constitute gross, as distinguished from simple, negligence. The combination of these factors, therefore, peculiarly present a problem for resolution by a jury as to whether they constitute gross negligence when measured by Carraway v. Revell standards. In reaching its conclusion the jury would have to decide whether the speed was grossly excessive in the light of the known defect which constituted the other component of proximate causation. In such a situation the jury function becomes particularly important under the Florida Guest Statute by which the Legislature has initially deposited the problem with the jury. Moreover, this Court itself has placed great stress upon the importance of jury participation under the statute. Section 320.59, supra; Carraway v. Revell, Fla., 116 So.2d 16, p. 22.
We conclude that the decision under review which affirmed the summary judgment conflicts with Carraway v. Revell, Fla., 116 So.2d 16, and Revell v. Carraway, Fla.App., 124 So.2d 874, on the same point of law. It is therefore quashed and the cause remanded to the District Court of Appeal, Third District, for further proceedings consistent herewith.
It is so ordered.
DREW, C.J., and ROBERTS, O'CONNELL and CALDWELL, JJ., concur.