PER CURIAM.
Petitioners, the plaintiffs in the Circuit Court, seek review by certiorari of a decision of the District Court of Appeal, Third District, reading as follows:
“PER CURIAM.
“Affirmed on the authority of City of Miami v. Saunders, 151 Fla. 699, 10 So.2d 326; City of Miami v. Fuller, Fla.1951, 54 So.2d 198; Henley v. Carter, Fla.1953, 63 So.2d 192, 44 A.L.R.2d 1339; Loftin v. Bryan, Fla.1953, 63 So.2d 310; Herring v. Eiland, Fla.1955, 81 So.2d 645; Dye v. Freeman, Fla.App.1959, 116 So.2d 647.”,
which is reported in 164 So.2d 833, affirming a summary final judgment of the Circuit Court of Dade County, Florida, in favor of the defendants, the respondents here.
From the Petition for the Writ of Certi-orari and the briefs of the parties filed herein, we glean the following facts:
Donna Hoisington, age eighteen, a freshman at the University of Miami, had a date with Matt Kulchin, who drove a car owned by his mother, Mrs. Sylvia Kulchin. Donna met Matt at an inn in Miami around 8:30 P.M., and remained there until midnight, While there, Matt had several beers. They went to another inn where Matt had another drink. Later on they went to another tavern where a jazz combo was playing and remained there until 4 A.M. While there, Matt shared a pint of whiskey with a group composed of another couple and some other University students. Leaving the tavern after 4 A.M., Matt and Donna got into his mother’s car. Donna fastened her seat belt at Matt’s urging. Matt drove the car East on N. W. 6th Street a distance of two and one-half blocks to the point where they had the accident. Matt was unfamiliar with the part of town they were in. In the two and one-half blocks, the car crossed two streets with stop signs at each. He brought his car to a stop at the first one, but did not observe the second one. At this intersection on the left-hand side of 6th Street, there was a sign reading “Dead End Street.” Approximately 150 feet East of this intersection, N. W. 6th Street ended at the F. E. C. Main Line, consisting of six sets of railroad tracks. Matt’s speed at the time he crashed into these tracks was estimated by Donna as being between 35 and 45 miles per hour. Donna was injured in the crash.
Joined by her father, she sued Matt’s mother, Mrs. Kulchin, and the City of Miami, defendants below and respondents here.
Donna testified that so far as she knew over the period of seven and one-half hours *588 after she met Matt, the evening of the accident, he had four or five beers and two mild drinks and that when they started home he did not appear to her to be drunk.
In his summary final judgment, the trial judge recited he had examined the pleadings, the depositions that had been filed, and all other data and photographs. In ruling for the defendants, the trial court found: “ * * * that the facts revealed do not, as a matter of law, present a prima facie case of gross negligence and the Court further finds that the minor plaintiff, Donna Hoisington, is, as a matter of law from her course of conduct, guilty of contributory negligence and that she assumed the risk incident to her transportation as a guest in the car owned by the defendant, Sylvia Kulchin.”
Petitioners assert that a direct conflict exists between the instant case and the following cases: Cormier v. Williams (1941), 148 Fla. 201, 4 So.2d 525; Erlichstein v. Roney (1944), 155 Fla. 333, 20 So.2d 254; Bridges v. Speer (Fla.1955), 79 So.2d 679; Faircloth v. Hill (Fla.1956), 85 So.2d 870; Klems’ Inc. v. Cline (Fla.1958), 105 So.2d 881; Farrey v. Bettendorf (Fla.1957), 96 So.2d 889; Farrey v. Bettendorf (Fla.App.1960), 123 So.2d 558; Nelson v. McMillan (Fla.1942), 10 So.2d 565; Cadore v. Karp (Fla.1957), 91 So.2d 806; Welch v. Moothart (Fla.1956), 89 So.2d 485; Webster v. Kemp (Fla.1964), 164 So.2d 814; Carraway v. Revell (Fla.1959), 116 So.2d 16; Revell v. Carraway (Fla.App.1960), 124 So.2d 874; Smart v. Masker (Fla.App.1959), 113 So.2d 414; Mazak v. Rowe (Fla.App.1959), 112 So.2d 57.
Probable jurisdiction having been made to appear on the theory of “direct conflict,” the cause was set down for oral argument on the question of jurisdiction and on the merits, and is now before this Court for decision in the light of such argument and the briefs of the parties.
Necessarily, we must first address ourselves to the question of our jurisdiction under Article V of the Constitution of the State of Florida, F.S.A., to review the cause. Inasmuch as the District Court of Appeal affirmed the decision of the Circuit Court, as indicated above, we are without the benefit of a definitive opinion of the District Court of Appeal sufficient either to confirm or confute the existence of our certiorari jurisdiction, which renders our task and duty of finally determining the question of jurisdiction more difficult. Because the District Court of Appeal did not express an opinion from which the question of our jurisdiction can be ascertained, we examined the record proper, which reveals questions of significant import in regard to whether this case should have been submitted to a jury upon the issues of gross negligence of the operator of the motor vehicle and contributory negligence and assumption of risk on the part of the guest passenger.
Our final decision in this cause would be greatly facilitated by an expression of the District Court of Appeal on the theory and reasoning upon which its judgment is bottomed and a request thereto by this Court is not unreasonable or improper. See Home Development Company of St. Petersburg, Inc., et al. v. Bursani et al., Fla., 168 So.2d 131, opinion filed October 2, 1964, Cf. State v. Bruno, Fla., 104 So.2d 588, and Rosenthal v. Scott, Fla., 131 So.2d 480.
Accordingly, request is respectfully made to the District Court of Appeal, Third District, that it reconsider the cause and render an opinion setting forth the basis and reasoning upon which its decision in the cause is reached; and jurisdiction is relinquished to that court, temporarily, for such purpose, upon completion of which this Court will proceed to determine whether the cause should be reviewed here under Article V, Constitution of Florida.
It is so ordered.
DREW, C. J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.
*589 THOMAS, J., dissents with opinion.
THORNAL, J., dissents and concurs in dissent of THOMAS, J.
O’CONNELL, J., dissents.