ERVIN, Justice
(dissenting) :
This is the second appearance here of this case. It was first considered by us in Hoisington v. Kulchin, 172 So.2d 586, where we requested the District Court of Appeal, Third District, to assist us with its opinion in determining whether our certiorari jurisdiction was invoked. The response of the District Court of Appeal has been received; it appears in Hoisington v. Kulchin, 178 So. 2d 349 (Fla.App. 3rd).
It is unnecessary to restate the essential facts since they appear in our original opinion (172 So.2d 586).
My further review of the case leads me to the conclusion that our certiorari jurisdiction is not invoked as to the Respondent City of Miami. I agree with the District Court of Appeal there is no conflict of decisions respecting the liability of the City of Miami. I also agree with the District Court of Appeal that the case of City of Miami v. Fuller, 54 So.2d 198 (Fla.1951), is applicable here as to the Respondent City of Miami. Northwest 6th Street was plainly marked “Dead End Street” on the left-hand side of the last intersection before this street dead-ended at the F.E.C. Railway main line tracks. Similarly as was held in City of Miami v. Fuller, supra, a reasonably cautious driver would have been alerted by the plainly marked hazard to avoid the accident which occurred in this case.
It is a different matter with respect to the question of liability arising from the driver’s alleged gross negligence in operating the automobile. The specific question is whether Mrs. Kulchin, the owner of the automobile, is liable to Donna Hoisington, the guest passenger, under the guest statute (§ 320.59, F.S.A.) because of the alleged gross negligence of the driver of the automobile. I do not agree with the District Court of Appeal in the light of the particular facts of this case this question should be decided by summary judgment without the case being submitted to a jury. The fac *634 tual similarity of this case to controlling facts in other appellate cases where juries were required leads me to the conclusion the decisions of the District Court of Appeal, its original and its supplemental decision, conflict with decisions of this Court, invoking our certiorari jurisdiction.
This case factually conflicts with Cormier v. Williams, 148 Fla. 201, 4 So.2d 525 (Fla.1941). In the Cormier case it appears:
“The accident took place about five o’clock on a January morning. The parties had been out all night reveling in the night life of the most famous beach resort in this country. The evidence shows that when the accident occurred, they had started home, that they had wined and dined at intervals but as to whether either was drunk, it is in conflict. If the evidence be taken at face value, we may reasonably conclude that he [the driver] was under the influence of something more stimulating than aqua pura since his car was wabbling from one side of the road to the other when it abruptly became enmeshed with the car of another traveling in the opposite direction. * * * ”
This Court speaking through Justice Terrell there upheld the constitutionality of provisions of the guest statute (§ 320.59, F.S.A.), referring the evidentiary issue of negligence and its degree to the jury, saying:
“[3,4] If the quoted provision of the statute is construed to prevent the courts from passing on the legal sufficiency of the evidence, there is merit to this contention but we do not so construe it. In our view, the provision is surplusage and adds nothing to the power of the jury that it did not already possess. If there is a basis in reason for the jury’s conclusion, we will not disturb it though it is not out place to say that the legal sufficiency of the evidence is at all times, when duly presented, a question for the Court to settle.”
It also said, in sustaining the jury’s finding of gross negligence:
“[5] In its last analysis, the only real question here is whether or not the facts alleged and proven constituted gross negligence or some other degree of negligence on the part of defendant. When a gentleman invites a lady to join him in a spooning jaunt along the Riviera, she is a party to a common enterprise at his solicitation and may expect to be returned home before he reaches the point that it takes both sides of the road to drive on. The guest statute applies to riders taken on by the carrier as a gratuity. * * * On consideration of the cause and result of the accident, the jury said yea to the main question. We find no reason to hold that they should have answered nay.”
The later case of Welch v. Moothart, 89 So.2d 485 (Fla.), is also factually similar to this case. There, as here, the plaintiff, a passenger in the automobile, contended she did not know the driver was too intoxicated to drive safely. In that case it was held that contributory negligence and assumption of risk are affirmative defenses and defendant must assume the burden of proving same. It was also held that whether passenger knew the driver was intoxicated, as bearing on the issue of contributory negligence of the passenger, was a question for the jury under the evidence.
But the cases of Carraway v. Revell, 116 So.2d 16 (Fla.), and Webster v. Kemp, 164 So.2d 814 (Fla.), leave little doubt that this case should be submitted to a jury. The 10th headnote in Carraway v. Revell, supra, reads as follows:
“In doubtful cases under the automobile guest statute, the question of *635 whether the negligence of the owner or operator of the vehicle is ordinary or gross is one which under appropriate instructions should he submitted to the jury. F.S.A. § 320.59.”
Accordingly, it appears to me that the factual issues in this case are ones which should go to a jury, without, however, in any way resolving with finality what disposition the trial judge may make as to the legal sufficiency of the evidence submitted to the jury in respect to the test of gross negligence. The same caveat as to any review on appeal is likewise made. The reasoning of the greatly venerated Justice who wrote the opinion in Cormier v. Williams, supra, is applicable here. When a young man takes a young girl, a minor, on a date in an automobile, he owes her a high degree of care and a duty to afford her safe transportation. Crashing into railroad tracks immediately after running through an intersection where there is a dead-end street sign at a speed of between thirty-five to forty-five miles per hour in the nighttime presents a factual situation where reasonable men could differ concerning whether the driver was guilty of gross negligence. Additionally, they might differ as to whether the driver’s date was guilty of contributory negligence or assumption of risks incident to her transportation under the circumstances of this case, especially since she deposed she did not believe the driver was intoxicated at the time of the accident and might not have been alerted that she was in any peril from the driver’s condition.
An analogy may be drawn also from City of Miami v. Fuller, supra. There, the Court referred to the fact that numerous drivers observed a particular city traffic hazard and avoided accident therefrom, except the driver of the motor vehicle involved in that case. Here, too, the driver was an exception to literally hundreds of others who daily observed the “dead end” street sign and avoided crashing into the railroad tracks. A jury might well have concluded that his operation of the automobile resulting in the accident was so exceptional it amounted to gross negligence.
This case appears to be a classic example of one that should have been submitted to a jury, rather than being decided by a summary judgment. See discussion concerning the sparing use of summary judgments in negligence suits in 30 Fla.Jur., Summary Judgment, § 6, page 342. Donna Hoising-ton’s experience with our courts now is that she did not have the benefit of a jury’s determination of the issue of negligence nor a jury’s evaluation of conflicting reasonable inferences to be drawn from the admitted facts.
I consider Loftin v. Bryan, 63 So.2d 310 (Fla.1952), cited by the District Court of Appeal in its supplemental opinion, to be inapplicable to this case. That case was not a guest statute case under F.S. § 320.59, F.S.A., where the operator or owner of the motor vehicle was sued by a guest passenger. Instead, it involved an action by a passenger in an automobile against a railroad. Plaintiff alleged the railroad was liable because of the negligent operation of a locomotive engine which collided with the automobile, but it was found instead that the driver of the automobile was negligent. His negligence was imputed to the passenger, rendering the railroad not liable.
For us to review this case on certiorari would not be a departure from our precedents granting such review. Because the trial court, with the District Court of Appeal affirming, did not find prima facie evidence of gross negligence on the part of Matt, the driver, but did find Donna guilty of contributory negligence and assumption of risks and entered summary judgment accordingly, does not conclusively preclude certiorari review. To review the case would not be a mere second appeal wherein we could substitute our judgment on the merits for the findings of the lower courts. Nor is certiorari jurisdiction precluded because a choice was made below *636 in the light of prima facie facts between submission of the case to a jury and the entry of summary judgment.
The reason being that our Court has consistently held since the advent of Section 4(2) of Article V of the State Constitution, F.S.A. that our certiorari conflict jurisdiction is invoked when the facts of the case sought to be reviewed on conflict certiorari are on “all fours” with the facts of prior decisions of this Court but rules of law were misapplied below, producing a conflict of decisional results. That is the situation here. See Nielson v. Sarasota, 117 So.2d 731 (Fla.); Bernardo & Sons, Inc., v. Duncan, 145 So.2d 476, and Webster v. Kemp, supra. Instead of submitting the facts of the instant case to a jury, as was done in Cormier v. Williams, Welch v. Moothart, and Webster v. Kemp, supra, this case went off on summary judgment.
Affirmative defenses of contributory negligence and assumption of risk where there is a denial of knowledge by the guest passenger that the driver was intoxicated rest with the defendant to prove and should be submitted to a jury, according to Welch v. Moothart, supra.
Gross negligence of the driver in doubtful-cases such as this one is a jury question, subject to the power of the trial judge to test the sufficiency of the evidence offered in support of gross negligence. Cormier v. Williams, supra. The prima facie evidence in this case, viewed in the light of similar facts in said prior cases was sufficient to be submitted to a jury.
If we reviewed this case on certiorari we would not be making an appellate determination de novo on the facts. We would be following rules of law announced in prior cases which we have applied to cases with facts “on all fours” to those in the instant case.
ROBERTS, J., concurs.