104 So.2d 588 (1958)
The STATE of Florida, Appellant,
v.
Louis A. BRUNO, Appellee.
Supreme Court of Florida.
July 30, 1958.
*589 Richard E. Gerstein, Miami, for appellant.
Dan Chappell, Miami, for appellee.
O'CONNELL, Justice.
The appellee, Louis A. Bruno, by information filed December 10, 1957, was charged with the crime of grand larceny. The information alleged that the larceny occurred on July 28, 1953, while appellee was a municipal officer; that the offense was committed during the appellee's term of office and was connected with the discharge of the duty of his office; and that appellee had continuously held his office to the date of filing of the indictment.
The appellee-defendant filed a motion to quash the information which was granted as evidence by the following entry in the Minute Book of the court:
"Dan Chappell, Counsel for the Defendant, Louis A. Bruno, presented a Motion to Quash the Information filed on December 10, 1957, which motion the Court granted."
The court gave no reasons or grounds for granting the motion to quash.
The motion to quash filed by appellee contained five grounds. The first charged that the information showed on its face that the statute of limitations had run. The second claimed that Sec. 932.06, F.S.A., discussed below, was unconstitutional in that it denied the defendant equal protection and due process of law. The third and fourth grounds attacked the sufficiency of the allegations of the information. The fifth ground, labelled a "speaking motion" by the State, asserted that prosecution for the offense charged is barred because more than two years had elapsed between the end of the term of office in which the offense is alleged to have occurred and the filing of the information.
Under the provisions of Sec. 932.05, F.S.A., the statute of limitations for all crimes other than those punishable by death is two years. However, the State contends that the provisions of Sec. 932.06 control this case. This latter section provides that:
"All offenses by state, county or municipal officials, committed during their term or terms of office, in any way whatsoever connected with the discharge of the duties of their different offices, shall be prosecuted within two years after the said officer shall retire from such office."
The order of quashal was entered after July 1, 1957, the effective date of Amended Article V, Fla. Const.F.S.A. Since that date the right of direct appeal to the Supreme Court from a trial court has been limited to
(1) "judgments imposing the death penalty",
(2) "final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or federal constitution," and
(3) "from final judgments or decrees in proceedings for the validation of bonds and certificates of indebtedness."
It is obvious that this Court could have jurisdiction of this cause only on the *590 ground that it is an appeal from a judgment "directly passing upon the validity of a state statute."
The burden is on the appellant to show that this Court has jurisdiction to act in the cause which it presents.
In an effort to meet this requirement the State urges that this Court has jurisdiction because the trial court, in granting the motion to quash, "must have decided that the Statute [Sec. 932.06 F.S.A.] was unconstitutional." However, in candor, the State concedes that "It is not quite precise to say that the learned, experienced and distinguished trial judge actually held the Statute * * * unconstitutional. He simply granted the Motion to Quash * *." The appellee-defendant is his brief says that the trial court did not hold the statute unconstitutional, arguing that the motion to quash could have been granted on any of the four other grounds of the motion.
In this jurisdiction it is the duty of a court not to pass upon the validity of a statute if the case can be properly decided on other grounds. See 6 Fla.Jur., Const. Law, Sec. 52 and cases therein cited. Where the contrary is not made evident we must assume that the trial court observed this rule. This leads to the conclusion that we cannot and must not assume that the trial court, in this case, directly passed on the validity of Sec. 932.06 in order to reach his decision to quash the information.
Had the motion to quash urged only the unconstitutionality of the subject statute as its basis we might well be entitled to come to the conclusion that the trial court had necessarily directly passed on the validity of the statute in granting the motion, but where there are other grounds on which the court might have acted, even though erroneously, this court under its limited appellate jurisdiction has no right to act.
We must therefore conclude that where it is not shown by the order from which appeal is taken that the trial court directly passed on the validity of a statute we cannot assume that the court did so, unless the record shows that the trial court necessarily passed thereon although the order complained of does not so state. See Ingle v. City of Fulton, Mo. 1953, 260 S.W.2d 666, for a somewhat similar situation and holding. Missouri's Judicial Article although not identical is similar in the provisions relating to appellate jurisdiction of the Supreme Court.
Prior to July 1, 1957, it was not of great importance that a trial court state in an order the grounds upon which it was entered.
However, under the new appellate system, with its division of jurisdiction between the Supreme Court and the District Courts of Appeal, it is now of great importance, both to the litigants and the appellate courts, in cases where the validity of a statute, state or federal is attacked, or the construction of a controlling provision of the State or federal constitution is sought, that the trial court clearly state whether it passed on the validity of such a statute or construed a provision of either constitution.
If the trial court does not do this the litigants are left uncertain as to the proper appellate forum, and in cases such as this it will be most difficult for an appellant to show that this Court has jurisdiction. Therefore, in such cases the appellant would be wise to appeal to the appropriate District Court of Appeal, yet if that court finds it necessary to pass on the validity of a statute or construe a controlling provision of the constitutions in order to decide the case, the litigants may then well have the right to appeal from the District Court to the Supreme Court because the District Court may have "initially" passed on the validity of the statute or construed a controlling provision of the constitutions. In the latter case the litigants will have been required to undergo two appeals with resulting expense and lapse of time, whereas only one might have *591 been necessary had the order appealed from stated the grounds therefor.
Except in an order granting a motion for new trial the courts of this state are not required to state the grounds of reasoning upon which orders, judgments or decrees are based. Yet, for the reasons above expressed, for others not mentioned, and in fairness to the litigants and the appellate courts, the trial courts of this State are urged, in all future appealable orders, to set forth the grounds or reasoning followed in arriving at the conclusion reached. Particularly is this urged in causes in which the grounds for the order may be determinative of the appellate forum, as in this case.
As above stated, the appellant has been unable to show that this Court has jurisdiction of this cause. However, it may be that if the trial court were to enter an order clarifying the order appealed from by stating the grounds on which it was based, jurisdiction in this Court might be made to appear.
The practical solution to this problem seems to be that we should therefore not decide the question of jurisdiction at this time, but rather, without acting thereon, relinquish control of this cause to the trial court, temporarily, for the sole and only purpose of having the trial court enter an order setting forth therein the grounds upon which it granted the motion to quash the information.
Upon receipt of a copy of this order the trial court is directed to forthwith enter an order nunc pro tunc clarifying the order appealed from, stating therein the grounds upon which the motion to quash was granted.
Upon entry of such order the clerk of the trial court is directed to forward a certified copy thereof to this Court, and to counsel of record for each of the parties hereto.
Thereafter the parties hereto may request leave to file additional briefs if such be desired.
This Court will thereafter determine its jurisdiction in this cause and either retain and decide the cause or transfer it to the appropriate District Court of Appeal.
It is so ordered.
TERRELL, C.J., and HOBSON, DREW and THORNAL, JJ., concur.