131 So.2d 480 (1961)
Murray ROSENTHAL and Joseph Rosenthal, Petitioners,
v.
Paul Andrew SCOTT, Respondent.
No. 30961.
Supreme Court of Florida.
June 21, 1961.
*481 Reece & Murray, Miami, for petitioners.
David Goldman, Miami, for respondent.
ROBERTS, Justice.
This cause is before the court on a petition for writ of certiorari filed by Murray and Joseph Rosenthal in which they seek review of a decision of the District Court of Appeal, Third District, appearing at 118 So.2d 555, contending that the above mentioned decision is in direct conflict with the decisions of this court in Mims v. Reid, Fla. 1957, 98 So.2d 498 and Hough v. Menses, Fla. 1957, 95 So.2d 410. Noting probable jurisdiction this court issued the writ and heard argument in the cause.
Although the decision of the District Court was in effect a per curiam reversal without opinion, the judgment was supported in part by the special concurring opinion of Judge Barns, and which special concurring opinion (though not adopted by a majority of the court) sets forth adequate factual background for the purpose of this order. At first appearance it would seem that the opinion of Judge Barns is the opinion of the District Court, but a more careful examination reveals that neither of the other judges agreed to the opinion, limiting their concurrence to the judgment of reversal only. Thus, we have a situation where the judgment of the Circuit Court was reversed without opinion by the District Court.
We come first to the question of whether or not this court has jurisdiction under Article V of the Constitution of Florida, F.S.A. to review the cause. We find the discharge of our constitutional duty in making this determination to be indeed difficult because we do not have before us an opinion agreed to by a majority of the District Court. This court has no absolute rule that requires an appellate court to write an opinion in deciding a cause brought before it; however, we have said in Florida Hotel and Restaurant Commission v. Dowler, Fla. 1958, 99 So.2d 852, 853: "It has long been the custom and practice in this court to write an opinion where the judgment being reviewed is reversed * * *." This is indeed logical because, to reverse a lower court and remand the cause for further proceedings without some indication of the error committed or the manner in which the reviewing court expects the cause to proceed in the lower court, would leave the court under review in doubt and confusion as to *482 what error had been committed and what corrections were expected in the future course of the case.
Further consideration of the record reveals that our final disposition of the jurisdictional question would be facilitated, and this court's duty to preserve harmony and uniformity among the decisions of the appellate courts of this state could be more readily performed, by an expression by the appellate court of the theory and reasoning upon which it based its judgment of reversal. In these circumstances we do not deem it unreasonable to request the appellate court to do so. Cf. State v. Bruno, Fla. 1958, 104 So.2d 588.
A similar procedure is followed by the United States Supreme Court in determining whether a substantial federal question within the jurisdiction of that court was properly raised and necessarily determined by a state court of last resort. See Honeyman v. Hanan, 1936, 300 U.S. 14, 22, 57 S.Ct. 350, 81 L.Ed. 476; State of Minnesota v. National Tea Co., 1940, 309 U.S. 551, 60 S.Ct. 676, 84 L.Ed. 920; Blackburn v. State of Alabama, 1956, 354 U.S. 393, 77 S.Ct. 1098, 1 L.Ed.2d 1423. The language of the United States Supreme Court in State of Minnesota v. National Tea Co., supra, in its discussion of the necessity for such clarification, could well be paraphrased to fit the situation here. We do not do so, however, but quote verbatim from that court's opinion, as follows:
"It is fundamental that state courts be left free and unfettered by us in interpreting their state constitutions. But it is equally important that ambiguous or obscure adjudications by state courts do not stand as barriers to a determination by this Court of the validity under the federal constitution of state action. Intelligent exercise of our appellate powers compels us to ask for the elimination of the obscurities and ambiguities from the opinions in such cases. Only then can we ascertain whether or not our jurisdiction to review should be invoked. Only by that procedure can the responsibility for striking down or upholding state legislation be fairly placed. For no other course assures that important federal issues, such as have been argued here, will reach this Court for adjudication; that state courts will not be the final arbiters of important issues under the federal constitution; and that we will not encroach on the constitutional jurisdiction of the states. This is not a mere technical rule nor a rule for our convenience. It touches the division of authority between state courts and this Court and is of equal importance to each. Only by such explicitness can the highest courts of the states and this Court keep within the bounds of their respective jurisdictions." [309 U.S. 551, 60 S.Ct. 679.]
Accordingly, request is respectfully made to the Third District Court of Appeal that it prepare and adopt an opinion setting forth the theory and reasoning upon which it based its per curiam judgment of reversal in the subject cause, and jurisdiction of the cause is relinquished to that court, temporarily, for that purpose, upon completion of which this court will proceed to determine whether or not sufficient conflict exists to require further review here.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and DREW, JJ., concur.
THORNAL and O'CONNELL, JJ., dissenting.
O'CONNELL, Justice (dissenting).
The facts are set forth sufficiently in the majority opinion.
I agree with the majority opinion that the decision of the district court sought *483 to be reviewed is a per curiam decision of reversal without opinion. I fully agree that any decision of an appellate court which reverses a judgment or decree of a trial court should be accompanied by an opinion of the court expressing the reasons for reversal in order that the trial court may, in the further proceedings to be had on remand, avoid or correct the errors which led to the reversal.
I do not agree however that we have the authority in this or any other case to direct a court of final appellate jurisdiction to write an opinion in any case, nor do I feel that it is necessary that we, in this case, order the district court to write an opinion.
I do feel that the district court ought to have the opportunity of considering the necessity of writing an opinion in this cause and if it deems wise to have further argument or other proper proceedings in that court. I have no doubt that the district court will determine that it should and that it will, if given the opportunity, write an opinion expressing the reasons for the decision reversing the trial court. Its failure to write an opinion in reversing the trial court is an oversight completely understandable in view of the great case load which it handles so efficiently and so well.
I would therefore return this cause to the district court for the purpose of allowing that court to consider the advisability of writing an opinion expressing its reasons for reversal of the trial court with leave to that court to have further argument and such other proceedings as it might deem proper, but I would not order the district court to write an opinion.
While the reasons therefor are different, the procedure of returning jurisdiction of this cause to the district court, as I feel should be done, is not unlike that which we employed in the case of Dean v. Deas, Fla. 1959, 116 So.2d 23, where we returned that case to a district court for reconsideration in light of a decision of this Court entered after the district court decision therein and which apparently controlled the question involved.
I am authorized to state that Justice Thornal, who concurred in the preparation of this opinion, concurs in the views expressed herein.
THORNAL, J., concurs.