PER CURIAM.
Petitioner, plaintiff in the Circuit Court; seeks review by certiorari of a decision of the District Court of Appeal, Third District, 150 So.2d 304, affirming, without opinion, an order of the' Circuit Court granting defendants’ motion to dismiss for lack of jurisdiction. Petitioner asserts that a direct conflict exists between the instant case and various decisions of this court. See Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623; Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878; and S. H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757; and the decision of the District Court of Appeal, First District, in Wilson v. O’Neal, 118 So.2d 101 (Fla. App. 1st 1960). Also compare Hunter Lyon, Inc. v. Walker, 152 Fla. 61, 11 So.2d *318 176, and Regan v. Davis, Fla., 97 So.2d 324 and annotations in 9 A.L.R. 2nd 228.
Probable jurisdiction having been made to appear on the theory of “direct conflict,” 'the cause was set down for oral argument -on the question of jurisdiction and on the merits, and is now before this court for -decision in the light of such argument and '.the briefs of the parties.
Necessarily, we must first address our'selves to the question of our jurisdiction under Article V of the Constitution of Florida, F.S.A. to review the cause. Inasmuch as the District Court of Appeal affirmed without an opinion the decision of the Circuit Court, we are without the benefit of a majority opinion of the District Court ■of Appeal, which renders our task and ■duty of determining the question of juris■diction more difficult. Because the District 'Court of Appeal did not express an opinion, we have examined the record proper. From ■such examination we learn that the petitioner’s complaint, sounding in tort, sought damages for the allegedly wrongful and malicious interference by defendant-respondents with petitioner’s business, without justification or excuse, including the malicious prosecution of a civil proceeding, with the “malicious purpose and intention” •of injuring petitioner. The respondents’ •■allegedly willful, malicious and tortious acts were set forth at length by petitioner in its complaint — which, with exhibits, numbered some 58 pages. The respondents’ motion to dismiss was upon three grounds: >(1) Failure to state a cause of action, (2) res judicata, and (3) estoppel by judgment.
The trial court’s order and judgment dismissing the complaint did not specify the ground upon which the dismissal was based; and the appellate court, in affirming the judgment, did not specify its reasons for so doing.
Our final decision in this cause would be greatly facilitated by an expression of the District Court of Appeal of the theory and reasoning upon which its judgment is bottomed, dealing particularly with the questions raised in the motion to dismiss. See Home Development Company of St. Petersburg, Inc. et al. v. Bursani et al., Fla., 168 So.2d 131, opinion filed October 2, 1964. Cf. State v. Bruno, Fla., 104 So.2d 588, and Rosenthal v. Scott, Fla., 131 So.2d 480.
Accordingly, request is respectfully made to the District Court of Appeal, Third District, that it reconsider the cause and particularly the questions mentioned earlier herein, and adopt an opinion setting forth the theory and reasoning upon which a decision in the cause is reached; and jurisdiction is relinquished to that Court, temporarily, for that purpose, upon completion of which this court will proceed to determine whether or not the cause should be reviewed here under Article V, Constitution of Florida.
It is so ordered.
DREW, C. J., and ROBERTS, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.
THORNAL, J., dissents.