168 So.2d 749 (1964)
Rose M. FOLEY and James S. Foley, her husband, Petitioners,
v.
WEAVER DRUGS, INC., a Florida corporation, Respondent.
No. 32357.
Supreme Court of Florida.
November 18, 1964.
James C. Shepherd and Green & Hastings, Miami, for petitioners.
Dean, Adams & Fischer, Miami, for respondent.
ROBERTS, Justice.
Petitioners (plaintiffs in the Circuit Court) seek review by certiorari of a decision of the District Court of Appeal, Third District, affirming without opinion an order of the Circuit Court granting respondent's motion to dismiss and entering summary final judgment in favor of the defendant Weaver Drugs, Inc. No testimony was taken and the matter was reviewed solely on the pleadings. Petitioners assert that a direct conflict exists between the instant case and Canada Dry Bottling Co. of Florida v. Shaw, Fla.App. 1960, 118 So.2d 840. Probable jurisdiction having been made to appear, the cause was set down for oral argument on the questions of jurisdiction and merits, and is now before this court for decision in the light of such argument and the briefs of the parties.
Necessarily, we must first address ourselves to the question of jurisdiction under Article V of the Constitution of Florida, F.S.A. to review the cause. Inasmuch as the District Court of Appeal affirmed per curiam, without comment, we are without the benefit of an opinion which renders our task and duty of determining the question of jurisdiction here more difficult. In this posture we have examined the record proper. From such examination we learn that petitioners' complaint, sounding in tort, sought damages because of an injury received by the breaking of a glass bottle.
*750 The record shows that, on October 17, 1959, James S. Foley purchased from Weaver Drugs, Inc., the respondent here, at one of its retail stores, a bottle of Revlon reducing pills, better known as "Thin Down", for use by his wife, Rose M. Foley. The pills were packed in a glass bottle which closed with a screw-on top. The day after the purchase Mrs. Foley attempted to open the bottle by unscrewing the top when the bottle broke, fragmented, and one piece thereof lacerated her right wrist.
Predicated upon these facts the Foleys instituted an action against Revlon, Inc., the manufacturer, and Weaver Drugs, Inc., the retail-seller, setting forth the facts and their respective damages, and alleging causes of action for negligence and for breach of implied warranty of fitness and merchantability against each defendant.
Weaver Drugs, Inc. moved to dismiss and strike from the complaint every theory of action against it. Ruling on this motion was reserved by the court until pre-trial hearing. Defendant Weaver Drugs, Inc. then filed its answer to the complaint, denying the allegations of the complaint as they apply to it. At the pretrial conference the court struck all allegations relating to implied warranty as against the defendant Weaver Drugs, Inc., the effect of which was to hold that neither of the plaintiffs had a cause of action against the retailer based on an implied warranty. Thereafter, on motion of the defendant Weaver, the court granted a summary judgment in favor of this defendant on the cause of action for negligence alleged by the plaintiffs. A motion for summary judgment filed by the defendant Revlon, Inc. was denied.
On appeal by plaintiffs to the District Court of Appeal, Third District, the court affirmed, without opinion, the actions of the trial court with respect to the defendant Weaver Drugs, Inc., thereby holding, in effect, that neither of the plaintiffs had a cause of action against the defendant retailer for breach of an implied warranty of fitness and merchantability, and also holding, in effect, that they were not entitled to damages on the theory of negligence; but the action of the appellate court in this respect is not complained of in the instant proceeding.
As noted above, the plaintiffs have invoked this court's "conflict jurisdiction" to review the adverse decision of the appellate court, alleging that it directly conflicts with a decision of the District Court of Appeal, Second District, in Canada Dry Bottling Co. of Florida, Inc. v. Shaw, Fla.App. 1960, 118 So.2d 840.
Our final decision on the questions of jurisdiction and merits in this cause would be greatly facilitated by an expression of the District Court of Appeal in an opinion of the theory and reasoning upon which its per curiam judgment of affirmance is bottomed, dealing particularly with the questions raised in the motion to dismiss. See Home Development Company of St. Petersburg, Inc., et al., v. Bursani, et al., opinion filed October 2, 1964, Fla., 168 So.2d 131; Fontainebleau Hotel Corp. v. Forty-five Twenty-five, Inc., opinion filed October 28, 1964, Fla., 168 So.2d 317. Cf. State v. Bruno, Fla., 104 So.2d 588, and Rosenthal v. Scott, Fla., 131 So.2d 480.
Accordingly, request is respectfully made to the District Court of Appeal, Third District, that it reconsider the cause and particularly the questions mentioned earlier herein, and prepare and adopt an opinion setting forth the theory and reasoning upon which a decision in the cause is reached; and jurisdiction is relinquished to that Court, temporarily, for that purpose, upon completion of which this court will proceed to determine whether or not the cause should be reviewed here under Article V, Constitution of Florida.
It is so ordered.
DREW, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.
*751 THOMAS, J., dissents with opinion.
THORNAL, J., dissents and agrees with THOMAS, J.
THOMAS, Justice (dissenting).
I cannot comprehend the consistency or logic of requesting the District Court of Appeal to write an opinion in this case, in which that court has not yet written anything, hence has not expressed any view in conflict with any utterance of this Court, then deciding nunc pro tunc whether or not this Court has jurisdiction of the cause.
In my humble, and perhaps lonely, opinion such procedure is a distortion of the provisions of the Constitution and an arrogation by this Court of power it does not possess.
Such a course is not necessary to harmonize the law but smacks strongly of an effort to see if the District Court of Appeal will write something inconsistent with the views of this Court or another District Court of Appeal in order to afford an opportunity to determine whether or not this Court thinks the case was decided properly.
I cannot conscientiously subscribe to such procedure, therefore I dissent.
THORNAL, J., concurs.