PER CURIAM.
Notice of interlocutory appeal was filed in this cause on September 30, 1963. Oral argument was heard on December 2, 1963, and a per curiam decision of affirmance was filed on December 10, 1963.
Thereafter, a petition for certiorari was sought in the Supreme Court of Florida by the appellant herein, which resulted in an opinion and order by the Supreme Court filed in this Court on November 16, 1964, which reads in part as follows:
“Necessarily, we must first address ourselves to the question of our jurisdiction under Article V of the Constitution of Florida F.S.A. to review the cause. Inasmuch as the District Court of Appeal affirmed without an opinion the decision of the Circuit Court, we are without the benefit of a majority opinion of the District Court of Appeal, which renders our task and duty of determining the question of jurisdiction more difficult. Because the District Court of Appeal did not express an opinion, we examined the record proper, which reveals questions of significant import in regard to substituted service of a foreign corporation and the manner in which such service can properly be effected under our laws. Our final decision in this cause would be greatly facilitated by an expression of the District Court of Appeal of the theory and reasoning upon which its judgment is bottomed and a request thereto by this Court is not unreasonable or improper. See Home Development Company of St. Petersburg, Inc., et al., v. Bursani, et al., Fla., 168 So.2d 131, opinion filed October 2, 1964. Cf. State v. Bruno, Fla., 104 So.2d 588, and Rosenthal v. Scott, Fla., 131 So.2d 480.
Accordingly, request is respectfully made to the District Court of Appeal, Third District, that it reconsider the cause and render an opinion setting forth the basis and reasoning upon which its decision in the cause is reached; and jurisdiction is relinquished to that court, temporarily, for such purpose, upon completion of which, this Court will proceed to determine whether the cause .should be reviewed here under Article V, Constitution of Florida.”
In order to adequately comply with the above request and to prepare an opinion which will do justice to the contentions of both appellant and appellee and aid the Supreme Court in determining the question of its jurisdiction, it is necessary, because of the lapse of time, to have the cause properly presented for our reconsideration. Therefore it is
Ordered and adjudged as follows:
1. That the appellant may but is not required to file an additional brief in this matter within thirty (30) days of the date of this order.
2. That the appellee may but is not required to file an additional brief in reply to that filed in accordance with the next above paragraph within twenty (20) days of the receipt of the appellant’s additional brief.
3. That the appellant be and it is hereby given, if it so desires, ten (10) days from the receipt of an additional brief filed by *848 the appellee as provided in the next above paragraph, within which to file a reply brief.
4. Thereupon, notice of time of oral argument will be given if such is required by the court.
5. That the clerk of this court be and he is hereby directed to send a certified copy of this order to the Supreme Court of Florida.