172 So.2d 907 (1965)
Rose M. FOLEY and James S. Foley, her husband, Appellants,
v.
WEAVER DRUGS, INC., a Florida Corporation, Appellee.
No. 62-198.
District Court of Appeal of Florida. Third District.
February 16, 1965.
Green & Hastings, James C. Shepherd and Samuel Z. Goldman, Miami, for appellants.
Dean & Adams and Jeanne Heyward, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
CARROLL, Judge.
The above styled appeal was decided by this court in November of 1962 when we affirmed, without opinion, a summary judgment for one of the two defendants. Foley v. Weaver Drugs, Inc., Fla.App. 1962, 146 So.2d 631. The cause is before us now after the Supreme Court, in the course of considering a petition for certiorari, relinquished jurisdiction temporarily with the request that we reconsider the cause and the questions involved, and prepare and adopt an opinion setting forth the theory and reasoning underlying our decision. See Foley v. Weaver Drugs, Inc., Fla. 1964, 168 So.2d 749.
*908 For reasons set out hereinbelow, we are not inclined to reconsider the cause on its merits. And we do not feel it is essential or appropriate for us now to produce theories and reasons for the decision which we made in November of 1962.[1] However, we recognize a duty to respond to a request of a paramount court, to the extent we consider practicable and appropriate, and that is, to state what we deem to be the "decision" which the silent affirmance represented.
In view of the importance of this matter from the standpoint of the appellate process, it may be well to set forth the procedural background of this case. Appellants filed a tort action on February 8, 1961, in the circuit court of Dade County against Revlon, Inc. and Weaver Drugs, Inc., for damages because of an injury received by breaking of a glass bottle. On January 30, 1962, a summary judgment was entered in favor of the defendant Weaver Drugs, Inc. The plaintiffs appealed. On November 13, 1962, we affirmed the summary judgment without opinion.[2]
The plaintiffs then petitioned the Supreme Court for review by certiorari. Their petition was granted by an order of the Supreme Court dated April 19, 1963, which set the cause for argument before the Court on June 11, 1963, on the question of jurisdiction and on the merits. Thereafter, on November 18, 1964, the Supreme Court filed an opinion in which probable (conflict) jurisdiction was noted[3] and which made reference to the facts[4] and pleadings,[5] and *909 which delineated the decision of this court.[6] The Supreme Court's opinion then requested that the cause and the questions referred to in its opinion be reconsidered by this court, and that we write and adopt an opinion setting out the theory and reasoning of the decision reached.[7] The purpose of the request, as explained in the Supreme Court's opinion, was to assist that court in determining whether the decision of this court, represented by its affirmance of the summary judgment which dismissed the retailer from the cause, was in conflict with a decision of the Supreme Court or of another district court in this state.
Although in many, if not in most instances of affirmances by a district court of appeal without opinion, the holding or "decision" which such affirmance represents will readily appear from the points briefed, or otherwise from the record proper, in other such cases the "decision" behind an affirmance without opinion may not be apparent or determinable from the "record proper." In the present case the Supreme Court appears to have been able to determine from the record proper the decision of this appellate court, and it is noted that the request made to this court was not for a statement of our decision, but for the theory and reasoning thereof.
The reasons why we are inclined not to reconsider the appeal, or the questions involved as outlined in the Supreme Court's opinion, are several. Reconsideration leads to redecision and could result in a changed decision. When this appeal was decided and rehearing was denied or the period for it elapsed, the decision of affirmance became final and the judicial labor of this court was ended. So long as our judgment of affirmance stands, we do not feel we should undertake its reconsideration or risk a different determination. To do so would, to say the least, be contrary to established appellate procedure. Manifestly it could operate unfairly on parties, who could suffer from a changed decision or be prejudiced by the assignment of new found grounds or reasons operating to bolster or detract from a decision previously made. The judges of the panel of this court who decided the appeal may be unable to recall sufficiently the disclosures of the record and the arguments. Therefore reconsideration of such a cause ordinarily would proceed without adequate preparation, or the court would be required to repeat the labor of examination and study of the record and briefs, or to call upon counsel for the parties to reargue the appeal. On such a reconsideration of the cause, would new or added theories and arguments be permitted? If not, could they effectively be prevented from intruding? Intervening changes in the law, and even changes of attorneys or possible changes in the membership of the court could influence the outcome of a reconsideration of the cause. And finally, would not a policy of reconsideration and redetermination of a class of decisions, months, or, as in this case, years after they have been made, tend to give such decisions uncertainty and instability in the minds of litigants and attorneys when they should be entitled to rely on finality of such decisions in the court where rendered?
*910 On the other hand, as stated earlier we recognize an obligation and duty to accede to the Supreme Court's request by informing the Court what we consider to have been the decision of this court on affirming the order or judgment appealed.
In this instance the Supreme Court has discerned our decision from the record, and has stated it to be "that neither of the plaintiffs had a cause of action against the defendant retailer for breach of implied warranty of fitness and merchantability," [adding that we also held the plaintiffs were not entitled to damages on the theory of negligence, but noting the latter holding was not challenged on certiorari]. We adopt that statement by the Supreme Court as constituting our decision on the appeal.
Whereupon, the purpose of temporary relinquishment of jurisdiction of the cause to this court having ended, the cause is returned to the Supreme Court of Florida, with this opinion.
NOTES
[1] It is conflict of decisions, not conflict of opinions or reasons that supplies jurisdiction for review by certiorari, under Art. 5, § 4(2), Fla. Const., F.S.A., which provides in pertinent part as follows: the Supreme Court "may review by certiorari any decision of a district court of appeal * * * that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law."
[2] Omitting opinions in a minority of affirmances is customary with appellate courts. It is a useful, if not essential practice of a busy appellate court such as this, where the judges each are faced with a need to write more than a hundred opinions annually. Thus, opinions generally are dispensed with upon affirming cases which do not involve new or unusual points of law, or which turn on facts to which established rules of law are applicable, or where a full or adequate opinion has been supplied by the trial judge; and where the writing of an opinion would be without useful purpose, serving only to satisfy the parties that the court adverted to the issues and gave them attention, and to add needlessly to an already excessive volume of opinions.
[3] "* * * Probable jurisdiction having been made to appear, the cause was set down for oral argument on the questions of jurisdiction and merits, and is now before this court for decision in the light of such argument and the briefs of the parties."
[4] "The record shows that, on October 17, 1959, James S. Foley purchased from Weaver Drugs, Inc., the respondent here, at one of its retail stores, a bottle of Revlon reducing pills better known as `Thin Down,' for use by his wife, Rose M. Foley. The pills were packed in a glass bottle which closed with a screwon top. The day after the purchase Mrs. Foley attempted to open the bottle by unscrewing the top when the bottle broke, fragmented, and one piece thereof lacerated her right wrist."
[5] "Weaver Drugs, Inc. moved to dismiss and strike from the complaint every theory of action against it. Ruling on this motion was reserved by the court until pre-trial hearing. Defendant Weaver Drugs, Inc. then filed its answer to the complaint, denying the allegations of the complaint as they apply to it. At the pre-trial conference the court struck all allegations relating to implied warranty as against the defendant Weaver Drugs, Inc., the effect of which was to hold that neither of the plaintiffs had a cause of action against the retailer based on an implied warranty. Thereafter, on motion of the defendant Weaver, the court granted a summary judgment in favor of this defendant on the cause of action for negligence alleged by the plaintiffs. A motion for summary judgment filed by the defendant Revlon, Inc. was denied."
[6] "On appeal by plaintiffs to the District Court of Appeal, Third District, the court affirmed, without opinion, the actions of the trial court with respect to the defendant Weaver Drugs, Inc., thereby holding, in effect, that neither of the plaintiffs had a cause of action against the defendant retailer for breach of an implied warranty of fitness and merchantability, and also holding, in effect, that they were not entitled to damages on the theory of negligence; but the action of the appellate court in this respect is not complained of in the instant proceeding."
[7] "Accordingly, request is respectfully made to the District Court of Appeal, Third District, that it reconsider the cause and particularly the questions mentioned earlier herein, and prepare and adopt an opinion setting forth the theory and reasoning upon which a decision in the cause is reached; * * *"