PER CURIAM.
The above styled interlocutory appeal was decided by this Court in December 1963, when we affirmed without opinion an order of the circuit court denying appellant’s motion to dismiss for lack of jurisdiction. See Young Spring & Wire Corp. v. Smith, Fla.App.1964, 159 So.2d 120. The cause is before us now after the Supreme Court in the course of considering petition for certiorari, relinquished jurisdiction temporarily with the request that we reconsider the cause and render an opinion setting forth the basis and reasoning upon which our decision in the cause was reached. See Young Spring & Wire Corporation v. Smith, Fla.1964, 168 So.2d 540. Pursuant to the request of our Supreme Court, we permitted the filing of additional briefs by the parties. See Young Spring & Wire Corp. v. Smith, Fla.App.1964, 169 So.2d 846. Each party has now submitted an additional brief containing citations to additional authorities, some of which have been decided since the time of the rendition of our decision.
For reasons set out in Foley v. Weaver Drugs, Inc., Fla.App.1965, 172 So.2d 907 [opinion filed February 16, 1965,] we must respectfully decline, at this late date, to reconsider the cause. We do, however, recognize an obligation to inform the Supreme Court of what we consider to have been the decision of this Court in affirming-the order denying the motion to dismiss. *239 which was appealed. Simply stated this Court decided that the order of the circuit court denying the motion to dismiss was supported by the facts in the record bringing the service within the requirements of § 47.16(2) Fla.Stat., F.S.A.
Whereupon, the purpose of the temporary relinquishment of jurisdiction of the cause to this Court having ended, the cause is returned to the Supreme Court of Florida with this opinion.