PER CURIAM.
This court, on February 19, 1963, 150 So.2d 304, affirmed without opinion an order of dismissal entered by the trial court. Petition for certiorari was filed in the Supreme Court of Florida by the appellant in May, 1963. After hearing oral argument on the question of jurisdiction and the merits, the Supreme Court, in an opinion dated October 28, 1964, 168 So.2d 317, relinquished jurisdiction temporarily with the request that this court “ * * * reconsider the cause and particularly the questions mentioned earlier herein [the ‘questions mentioned’ were the three grounds contained in the appellees’ motion to dismiss, that is, (1) failure to state a cause of action; (2) res judicata; and (3) estoppel by judgment], and adopt an opinion setting forth the theory and reasoning upon which a decision in the cause is reached.”
As indicated by the opinion of October 28, 1964, the Supreme Court had before it the appellant’s lengthy complaint for damages as well as the appellees’ motion to dismiss same.
We respectfully decline, especially at this late date, to reconsider the cause and to adopt an opinion setting forth the theory and reasoning upon which our decision was reached. Our reasons for so declining have already been stated in an opinion of this court, authored by Judge Charles A. Carroll. See Foley v. Weaver Drugs, Inc., Fla.App.1965, 172 So.2d 907, [opinion dated February 16, 1965]. We do, however, recognize an obligation to inform the Supreme Court what we consider to have been the decision of this court in affirming the order of dismissal appealed. Simply stated, this court decided that the complaint failed to state a cause of action and grounded upon that decision, affirmed the trial court’s order. The other grounds of the motion to dismiss, namely, res judicata and estoppel by judgment, were not considered, nor were they the basis for this court’s affirmance. Such grounds are delineated in Rule 1.8(d), Florida Rules of Civil Procedure, 30 F.S.A., as affirmative defenses and generally may not be raised by a motion to dismiss. See Hough v. Menses, Fla.1957, 95 So.2d 410, and Stone v. Stone, Fla.App.1957, 97 So.2d 352.
Having informed the court of what we consider to have been the decision of this court in the cause and the purpose of temporary relinquishment of jurisdiction having been accomplished, the cause is herewith returned to the Supreme Court of Florida with this opinion.