PER CURIAM.
This court by its opinion in the above cause, reported Fla.App.1963, 159 So.2d 244, affirmed the final decree of the chancellor in the following words:
“This appeal brings for review a final decree based upon findings of fact and recommendations of a Special Master. In view of the presumption of validity which attaches and with no showing of abuse of discretion or other error, the decree is
“Affirmed.”
Thereafter, the Supreme Court of Florida rendered its opinion in the same cause, Fla. 1964, 168 So.2d 131, wherein it temporarily relinquished jurisdiction with the request to this court “ * * * that it reconsider the cause and particularly the questions mentioned earlier herein, and adopt an opinion setting forth the theory and reasoning upon which a decision in the cause is reached; * * The questions specifically designated are three in number.
In its opinion, the supreme court said that the cause was before it on “ ‘direct conflict’ ” certiorari and that “[Pjrobable jurisdiction having been made to appear, the cause was set down for oral argument on the question of jurisdiction and on the merits and is now before this court for decision in the light of such argument and the briefs of the parties.” It is then indicated that the final decision of the supreme court on the jurisdictional question would be facilitated by this court’s reconsideration pursuant to the request.
The Third District Court of Appeal had previously received a similar request from the supreme court through its opinion in Foley v. Weaver Drugs, Inc., Fla.1964, 168 So.2d 749, with respect to the third district’s per curiam affirmance without opinion in that cause, Fla.App.1962, 146 So.2d 631. In its opinion of response, Fla.App.1965, 172 So.2d 907, the third district, declining to reconsider, set out comprehensively its reasons for declination but did recognize an obligation and duty to accede to the supreme court’s request by informing it what the district court considered to have been its decision on affirmance of the order or judgment appealed. Upon doing this, the district court, deeming the purpose of temporary relinquishment of jurisdiction to have ended, returned the cause to the supreme court with its opinion.
We have studiously considered the request made of this court by the supreme court and, since we fully sanction the reasons so soundly and cogently enunciated by *102 our sister court, the third district, in the Foley case, we hereby adopt the views therein expressed and elect the procedure thus initiated.
Recognizing, however, with utmost deference our duty to the Supreme Court of Florida to respond to its request, we shall state what we consider to have been the basis for the decision of this court in affirming the decree appealed. We have noted the factual delineation made by the supreme court and have studied the questions propounded. The briefs containing the points made and the argument of the parties submitted to this court comprehended adequately those three questions. If we were to answer any of them in the affirmative, this would result in a decision different from that which we have rendered. It follows that we did consider those questions, answering them in the negative. In doing this, we rejected the arguments flowing out of appellants’ appeal points because we decided that the principles so advanced were not applicable to the situation presented by the total evidence. Our consideration through which we arrived at this determination was not circumscribed by the theories or reasons of the special master nor limited to any particular factual aspects standing alone but encompassed the evidence in its entirety under the issues created by the pleadings. To this, we applied such principles of law and of equity as in our considered judgment were relevant and applicable, with the result that we found correct the conclusions of the master and were in accord with the court below in its rendition of the final decree, which we affirmed.
The purpose of temporary relinquishment of jurisdiction having been terminated, we respectfully return the cause with this opinion.
SMITH, C. J., KANNER (RET.), J., and McMULLEN, NEIL C, Associate Judge, concur.