178 So.2d 349 (1965)
Donna HOISINGTON, a minor by and through her father and next friend, R.M. Hoisington, and R.M. Hoisington, individually, Appellants,
v.
Sylvia KULCHIN, and City of Miami, Florida, a municipal corporation, jointly and severally, Appellees.
No. 63-893.
District Court of Appeal of Florida. Third District.
September 21, 1965.
*350 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellants.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, John R. Barrett, City Atty. and John S. Lloyd, Asst. City Atty., for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
PER CURIAM.
The above-styled matter was originally brought to this court by the appellants [plaintiffs in the trial court], who sought review of an adverse summary final judgment in favor of the appellees on their complaint for personal injuries sustained by Donna Hoisington as a result of an automobile accident, wherein the automobile in which she was a passenger in the wee hours of the morning ran through a barricade at the termination of a dead end street and struck a railroad track, following an evening of bar-hopping and the consumption of alcoholic beverages.
We affirmed the summary final judgment by decision rendered on June 2, 1964 [reported in 164 So.2d 833], in words and figures as follows:
* * * * * *
"Affirmed on the authority of City of Miami v. Saunders, 151 Fla. 699, 10 So.2d 326; City of Miami v. Fuller, Fla. 1951, 54 So.2d 198; Henley v. Carter, Fla. 1953, 63 So.2d 192, 44 A.L.R.2d 1339; Loftin v. Bryan, Fla. 1953, 63 So.2d 310; Herring v. Eiland, Fla. 1955, 81 So.2d 645; Dye v. Freeman, Fla.App. 1959, 116 So.2d 647."
The matter is now before us, subsequent to our decision being presented to the Supreme Court of Florida for review by petition for writ of certiorari, with a request from that court that we reconsider the cause and render an opinion setting forth the basis and reasoning upon which our decision was reached, in order to facilitate it in determining whether or not it has jurisdiction pursuant to the theory of "direct conflict" in Art. V, § 5 of the Constitution, F.S.A.
This request to us became final on April 5, 1965. Since said date, the Supreme Court of Florida has rendered its opinion in Foley v. Weaver Drugs, Inc., Fla. 1965, 177 So.2d 221, wherein it has clearly recognized *351 its jurisdiction and authority to review a per curiam judgment of affirmance without opinion, which is likewise indicated by the opinion in Town of West Miami v. Weinkle, Fla. 1965, 175 So.2d 196, reviewing a per curiam judgment without opinion rendered by this court in Town of West Miami v. Weinkle, Fla.App. 1964, 170 So.2d 61. There have also been other opinions by the Supreme Court of Florida recognizing the authority to review judgments without opinions based on the records before it. Certainly if this is true where judgments are based on opinions without authorities, it is within the jurisdiction, authority and prerogative of the supreme court to review judgments based on opinions supported by authorities both of that court and other appellate courts.
For the reasons set forth in the second opinion of this court in Foley v. Weaver Drugs, Inc., Fla.App. 1965, 172 So.2d 907, we must respectfully decline, at this late date, to reconsider the cause and set forth the basis and reasoning for our decision. This is not to say that we do not recognize the paramount responsibility of the Supreme Court of Florida to supervise the judicial system of Florida. Our disinclination to comply with the request is based upon our concern for the proper function of this court in the judicial system of Florida; for to comply with the request would be to make an advocate of this court if it should attempt to set forth the basis of its reasoning after its jurisdiction has expired.
Courts, be they trial or appellate, should at all times adhere to an atmosphere of cold neutrality and, at this stage of these proceedings, to write an opinion supporting a decision in favor of the appellees would in effect destroy the cold neutrality of impartiality and would relegate the court to an advocate who, by nature, must be partial.
We recognize an obligation to the supreme court, as well as to trial courts within this district, to attempt to render clarification of any opinions, judgments, decisions or orders of this court upon appropriate inquiries in the traditional manner. Not believing that it is proper for us to reconsider our prior judgment and opinion, we do observe from the briefs and record on appeal that the appellants raised three points: the absence of any evidence of gross negligence; the contributory negligence or assumption of risk of the guest passenger; and the duty of the City to maintain warning devices of the hazard beyond the end of the street. If we had agreed with the appellants upon the state of the record on any of the points raised, the summary final judgment would have been reversed. In this consideration, we relied heavily upon the opinion of the Supreme Court of Florida in the case of City of Miami v. Fuller, Fla. 1951, 54 So.2d 198, wherein a jury verdict in favor of a plaintiff was reversed, and the following is found in the opinion:
* * * * * *
"[2] That appellee was seriously injured is not contradicted but we cannot see that the City was in the slightest responsible for his injury. He was on City property but everyone who traverses the streets does so over City property. He was pleasure-bound but if he and his companion had exercised the same discretion that several hundred others did the same night he would have gone home safely. The road out was plainly marked and every reasonable precaution taken for his safety. To hold the City responsible under the facts revealed would give liberal effect to Jeremy Bentham's quip, `the law is the science of being methodically ignorant of what everybody knows.' The mere fact that one is injured is no reason for fastening the responsibility on the City. It must be shown that the City was negligent and that the injured party did not contribute to his injury. We are not yet committed to the doctrine that the public purse must repair *352 one's injury resulting from indulgence in alcoholics.
"For these reasons the judgment appealed from must be and is hereby reversed."
* * * * * *
Reliance was also placed upon the Supreme Court opinion in the case of Loftin v. Bryan, Fla. 1953, 63 So.2d 310, wherein the court said the following in setting aside a jury verdict for a passenger:
* * * * * *
"The record shows that the occupants of the automobile had been going from bar to bar and from town to town since approximately midnight, and that drinks and beers were had at these places. This may be the explanation as why no one in the automobile saw the engine until a big black object loomed immediately in front of them.
"This is not a question of contributory negligence but is one where the undisputed evidence shows that Hughes' negligence was the sole proximate cause of the collision. The cases of Loftin v. McGregor, supra, and Knudsen v. Hanlan, 160 Fla. 566, 36 So.2d 192, are applicable in this case.
"In the case of Loftin v. McGregor, supra, after reciting the facts, this Court said [152 Fla. 813, 14 So.2d 574 575]:
`He neither looked nor listened for the train. He did not slacken his speed for the crossing and did not see the train until he was too near the crossing to avoid the collision.'
"[2,3] The appellee urges that the negligence of the driver of the automobile is not imputable to him because he was a mere guest. The record shows that the occupants of the car were more than mere guests. They were jointly on a wild party. This party was participated in by all. They knew, or should have known, of the condition of each other. The appellee was sitting on the front seat of the automobile with the driver. He had an opportunity to observe. There was a duty upon him to exercise some degree of care and caution for his own safety. * * *"
* * * * * *
Whereupon, this cause is returned to the Supreme Court of Florida with this opinion.