WALDEN, Judge.
UPON SUPREME COURT MANDATE
This appeal is back before us per Mandate of the Florida Supreme Court based on its opinion and judgment reported as Firestone v. Time, Inc., Fla.1972, 271 So.2d 745. Faithful to its requirement, we vacate our opinion reported as Time, Inc. v. Firestone, Fla.App.1971, 254 So.2d 386, insofar as it found merit in appellant’s Point III:
If there is a cause of action, whether plaintiff’s proof was sufficient under the doctrine of New York Times v. Sullivan.
And now to the dilemma and our perplexity. What is our present duty and the requirement of law as concerns the treatment and disposition of appellant’s remaining points ? These points are:
POINT I
Whether there is a cause of action for libel without damage to reputation.
POINT II
Whether the publication fairly and accurately reported the final judgment.
POINT III
(Determined by the Supreme Court to be without merit in Firestone v. Time, Inc., Fla.1972, 271 So.2d 745.)
POINT IV
If there is a cause of action, whether plaintiff’s proof was sufficient under the doctrine of common law qualified privilege for reports of judicial proceedings.
POINT V
Whether the defendant was denied a fair and impartial trial by plaintiff’s counsel’s appeals to passion and prejudice.
*391 POINT VI
Whether plaintiff established any recoverable compensatory damages.
We chronicle:
When we undertook the determination of this appeal initially we considered each and every appellate point in depth and decided them in accordance with our understanding of law and the appellate function. We adjudged that Point V was without merit and apparently this decision has been accepted by the Supreme Court and the litigants. We decided that the remaining points had reversible merit, and reversed and remanded with instructions to enter a final judgment in favor of appellant, Time, Inc. It was our notion then and now that the litigants and the trial court (and the Supreme Court, upon the granting of certiorari) would surely know by reference to the points, which are of record, the reasons for our decision and the precise action to be taken by the trial court. This is to be distinguished from an instance where there is a naked reversal without directions or reference to any specific points on appeal, as Scott v. Rosenthal, Fla.App.1960, 118 So.2d 555; Fla.1961, 131 So.2d 480, and such instance as where there is not a majority opinion leaving the trial court without guidance on remand. Leveson v. State, Fla.App.1962, 138 So.2d 361; Fla., 147 So.2d 524. Neither is this a case where jurisdiction is in issue and basis therefor unclear. Rosenthal v. Scott, supra; State v. Bruno, Fla.1958, 104 So.2d 588.
We assume that the litigants understood that we had fully adjudicated all points based upon the Supreme Court remark,[1]
“Respondent argues essentially the same points here, with the exception of the passion and prejudice point rejected by the District Court.” And so it appears to us that all points and decisions as to them were presented to the Supreme Court for certiorari review.
By way of hindsight, we wish that we had more artfully expressed our decision inasmuch as it, in application, has apparently been misunderstood or overlooked upon further appellate review. We said the following[2] :
“Time has presented six cogent points on appeal. We have examined all briefs, transcripts and exhibits, listened to oral argument, and researched each point on appeal with care. We conclude that there is merit, to various degrees, to each point on appeal with the exception of number 5, passion and prejudice. Since we find a multitude of reversible error we deem it judicious to only plumb one area, constitutional privilege, better known as the New York Times doctrine.” (Emphasis supplied.)
Our decision to write an expanded opinion only upon Point III was based upon our interpretation of Canon 19 of the Canons of Judicial Ethics [3] and our concept of the tenets of judicial professionalism and tradition. We selected it simply because we thought it central and felt its determination would be of the largest service to *392 the litigants, Bench and Bar. We deliberately did not discuss each of the points in detail because of the volume that would result and the basic fact that time and resource limitations preclude written opinions on each and every point presented in every brief. No court rule, statute, or court opinion requires such treatment to our knowledge. Of course, had we known at the time that our Point III opinion would not survive, we would have chosen another point to discuss in depth as a basis for reversal.
We deliberately did decide the merit of each point presented in an effort to be of assistance to the Supreme Court in case certiorari would be granted. We did this, too, in order to save the yo-yo or ping-pong effect of passing the appeal back and forth between the two courts with decisions being made a point at a time. Theoretically, there being six points, there could be twelve appellate presentations and twelve written opinions if this appeal were decided piecemeal, a point at a time, with the District Court being quashed in each instance. See Zirin v. Charles Pfizer & Co., Fla.1961, 128 So.2d 594, at 596, where it is said:
“Needless steps in litigation should be avoided wherever possible and courts should always bear in mind the almost universal command of constitutions that justice should be administered without ‘sale, denial or delay.’ Piecemeal determination of a cause by our appellate court should be avoided and when a case is properly lodged here there is no reason why it should not then be terminated here. In the Lissenden case [P. C. Lissenden Co., Inc. v. Board of County Commissioners of Palm Beach County, Fla., 116 So.2d 632] we said, with respect to appeals and in discussing an analogous matter ‘[m]oreover, the efficient and speedy administration of justice is * * * promoted’ by doing so.” (Emphasis supplied.)
The Supreme Court in the instant case said with reference to this problem [4]:
“There may be other reasons, however, to reverse the judgment for petitioner herein. For example, although not constitutionally protected under the New York Times doctrine, the assailed publication herein may be ‘conditionally privileged’ under Florida libel law. That is to say, being a report of a judicial proceeding (one such privileged publication) it may be so privileged within the contemplation of our previous holdings in Walsh v. Miami Herald Publishing Co. [(Fla.1955), 80 So.2d 669] and Shiell v. Metropolis Co. [(1931), 102 Fla. 794, 136 So. 537]. This theory of defense was argued by respondent before the District Court along with five other points including the principal one upon which that court finally bottomed its decision. But the court disposed of all these matters by saying: [Time, Inc. v. Firestone, Fla.App.1971, 254 So.2d 386, 387]
‘Time has presented six cogent points on appeal. We have examined all briefs, transcripts and exhibits, listened to oral argument, and researched each point on appeal with care. We conclude that there is merit, to various degrees, to each point on appeal with the exception of number 5, passion and prejudice. Since we find a multitude of reversible error we deem it judicious to only plumb one area, constitutional privilege, better known as the New York Times doctrine.’
“Respondent argues essentially the same points here, with the exception of the passion and prejudice point rejected by the District Court. However, we do not decide these points, other than the constitutional one, nor do we concede merit therein. Rather, we deem it more propitious and proper to remand the cause to the District Court which has the entire record before it and is better situated initially to pass on the full merit of *393 the remaining points raised. (Emphasis supplied.)
“Accordingly, certiorari is granted, the decision of the District Court is quashed, and the cause is remanded for further proceedings not inconsistent herewith.”
We gather that the gravamen of the above passage is that we are being directed “ * * * initially to pass on the full merit of the remaining points raised.” We, in all respect, interpret this to mean that our earlier decision on the points is being overlooked and we are directed to write an opinion on each of the four remaining points.
It is our respectful view, based on the foregoing, that there is a misunderstanding or lack of communication between our two courts.
We feel that the Supreme Court has been in nowise embarrassed or limited by our action and procedure. The Supreme Court, itself, has said that, “ * * * once we take jurisdiction of a case upon petition for a writ of certiorari we may take it for all purposes as though it had come originally on appeal to the Supreme Court.” Mark v. Hahn, Fla.1965, 177 So.2d 5, at page 9, citing Tyus v. Apalachicola Northern R. R. Co. (Fla.1961), 130 So.2d 580; Zirin v. Charles Pfizer & Co. (Fla.1961), 128 So.2d 594; Adjmi v. State (Fla.1963), 154 So.2d 812; Hedges v. State (Fla.), 172 So.2d 824; Florida Real Estate Commission v. Harris (Fla.), 134 So.2d 785. See also Schoenrock v. Ballard, Fla.App.1966, 185 So.2d 760. Thus, it is clear that the Supreme Court had the power without hindrance to consider, review and decide all appellate points when it took jurisdiction and such action would avoid the needless additional steps condemned in Zirin v. Charles Pfizer & Co., supra.
We also note that the litigants are not entitled to a written opinion on each or any point as a matter of constitutional right. Taylor v. Knight, Fla.App.1970, 234 So.2d 156.
Without laboring the matter further, if it was the intendment of the Supreme Court to cause this court to reconsider its earlier decision and to write an opinion on each of the points supporting our decision, we must most respectfully decline upon the rationale and reasoning contained in Foley v. Weaver Drugs, Inc., Fla.App.1965, 172 So.2d 907; Young Spring & Wire Corp. v. Smith, Fla.App.1965, 172 So.2d 238; Fontainebleau Hotel Corp. v. Forty-five Twenty-five, Inc., Fla.App.1965, 172 So.2d 248; Home Development Co. of St. Petersburg v. Bursani, Fla.App.1965, 176 So.2d 100; and Hoisington v. Kulchin, Fla.App.1965, 178 So.2d 349. We specially agree with the rationale stated in Hoisington v. Kulchin, supra:
“For the reasons set forth in the second opinion of this court in Foley v. Weaver Drugs, Inc., Fla.App.1965, 172 So.2d 907, we must respectfully decline, at this late date, to reconsider the cause and set forth the basis and reasoning for our decision. This is not to say that we do not recognize the paramount responsibility of the Supreme Court of Florida to supervise the judicial system of Florida. Our disinclination to comply with the request is based upon our concern for the proper function of this court in the judicial system of Florida; for to comply with the request would be to make an advocate of this court if it should attempt to set forth the basis of its reasoning after its jurisdiction has expired.
“Courts, be they trial or appellate, should at all times adhere to an atmosphere of cold neutrality and, at this stage of these proceedings, to write an opinion supporting a decision in favor of the appellees would in effect destroy the cold neutrality of impartiality and would relegate the court to an advocate who, by nature, must be partial.”
*394 Thus, in conclusion, we vacate our opinion reported at 254 So.2d 386, in favor of the Supreme Court opinion reported at 271 So.2d 745, insofar as it disposes of appellant’s Point III.
Not newly, but by way of confirmation of our initial decision, reported at 254 So. 2d 386, we adjudicate that appellant’s Points I, II, IV and VI have merit sufficient to cause the reversal of the appealed judgment and entry of judgment for the defendant, Time, Inc.
In other words, we held as the basis and reason for our prior decision by reference and in the language of the points:
I. There is no cause of action for libel without damage to reputation.
II. The publication fairly and accurately reported the final judgment.
IV. Plaintiff’s proofs were insufficient under the doctrine of common law privilege for reports of judicial proceedings.
V. Defendant was not denied a fair and impartial trial by plaintiff’s counsel’s appeal to passion and prejudice.
VI. Plaintiff did not establish any recoverable compensatory damages.
We do, therefore, adhere to our decision expressed in 254 So.2d 386, to reverse the trial court and direct entry of judgment in favor of the defendant, Time, Inc., because of the reversible errors covered by Points I, II, IV, and VI.
It is so ordered.[5]
REED, C. J., and OWEN, J., concur.

. Firestone v. Time, Inc., Fla.1972, 271 So.2d 745, ¶ VI, p. 753.

. Time, Inc. v. Firestone, Fla.App.1971, 254 So.2d 386, at p. 387.

. Canons of Judicial Ethics. 19 Judicial Opinions.
“It is desirable that Courts of Appeal in reversing cases and granting new trials should so indicate their views on questions of law argued before them and necessarily arising in the controversy that upon the new trial counsel may be aided to avoid the repetition of erroneous positions of law and shall not be left in doubt by the failure of the court to decide such questions.
“But the volume of reported decisions is such and is so rapidly increasing that in writing opinions which are to be published judges may well take this fact into consideration, and curtail them accordingly, without substantially departing from the principles stated above.
“ * *

. Firestone v. Time, Inc., Fla.1972, 271 So.2d 745, at p. 752.

. We recognize, of course, that if the litigants continue to be aggrieved and in case we have erred or misconstrued, the Supreme Court of Florida continues to have jurisdiction to correct and implement its mandate and, in the ultimate, to cause the disposition of this appeal in accordance with its views of the law. See generally 2 Fla.Jur., Appeals, §§ 387, 391.