425 So.2d 1163 (1983)
Eddie WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1437.
District Court of Appeal of Florida, Fifth District.
January 5, 1983.
George L. Winslow, Jr., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
DAUKSCH, Judge.
In a motion for rehearing the appellant very strongly suggests this court has shirked its duty and by issuance of a "PCA" failed to recognize that an important legal issue is involved in this case.
This is not so. The reason we affirmed the judgment without a written opinion is because all we could have said in the written opinion would be that the appellant failed to raise the alleged error at the trial court before raising it here and that the record before this court does not show the trial judge to have committed error. What good purpose would be served by our saying that? The appellee has pointed it out in its brief. Who would benefit by our publicly pointing to counsel's failure to raise his objection below, as he is bound to do? He has said in his brief that the question on appeal is a fundamental, jurisdictional error but the appellee has furnished us with a document which refutes the appellant's allegations. Thus, it was incumbent upon appellant to offer us record proof that his allegations are true.
The assertions of the appellant to the contrary notwithstanding, this court is ever vigilant for reversible error and ever mindful of its duty to protect the due process rights of all persons accused of crimes. There are certain standards we must apply in reviewing judgments. One of those is that the issues have to be squarely set out and substantiated by the record on appeal. This was not done here.
Finally, because appellant's allegations concern a lack of jurisdiction in the trial court the appellant may still obtain relief if he can prove his allegations in the trial court or substantiate them here. See Fla.R. Crim.P. 3.850.
MOTION FOR REHEARING DENIED.
COBB, J., concurs.
ORFINGER, C.J., concurs specially with opinion.
ORFINGER, Chief Judge, concurring specially.
This is not the first time it has been urged upon us that a written opinion was needed after we had affirmed the trial court, per curiam, without opinion. Neither do I think this will be the last time, although counsel should carefully reflect on the many reasons for an appellate court not writing an opinion in each case. As far back as 1928, the Florida Supreme Court noted that when the points of law on which *1164 an appeal is predicated are well settled and a discussion of them would serve no useful purpose, the decision below would be affirmed without opinion. City of Miami Beach v. Poindexter, 96 Fla. 811, 119 So. 136 (1928). Since then, to handle the burgeoning appellate case load, first three district courts of appeal were created, then a fourth, and later a fifth. The ever growing volume of appeals makes it impossible and impracticable to write opinions in every case, nor, as already pointed out, does an opinion serve a useful purpose in every case.[1] In Foley v. Weaver Drugs, 172 So.2d 907 (Fla.3d DCA 1965), although in a different context, the court noted that:
Omitting opinions in a minority of affirmances is customary with appellate courts. It is a useful, if not essential practice of a busy appellate court such as this, where the judges are each faced with a need to write more than a hundred opinions annually. Thus, opinions generally are dispensed with upon affirming cases which do not involve new or unusual points of law, or which turn on facts to which established rules of law are applicable, or where a full or adequate opinion has been supplied by the trial judge; and where the writing of an opinion would be without useful purpose, serving only to satisfy the parties that the court adverted to the issues and gave them attention, and to add needlessly to an already excessive volume of opinions.
Id. at 908, f.n. 2.
That statement was written in 1965. It is no less appropriate today. I agree that the petition for rehearing should be denied.
NOTES
[1] Some judges and lawyers have concluded that the appellate overload could best be reduced by implementing a system of selective publication of opinions. See, e.g., Anstead, Selective Publication: An Alternative to the PCA; 34 U.Fla.L.Rev. 189 (1982). As pointed out there, a proposal to institute a system of selective publication of opinions in Florida has been unanimously rejected by the Appellate Rules Committee of the Florida Bar. In this writer's opinion, selective publication would enhance, rather than alleviate, appellate overload problems, because wherever the system is used, there is usually a concomitant requirement that an opinion of some kind be written in every case, even if not for publication.