WALDEN, Judge,
dissenting:
I would affirm.
In my opinion, the separation agreement was mixed: part property settlement agreement, not modifiable, and part support, subject to modification. There was not a sufficient change in circumstances to warrant modification of the agreed support payment. Thus, the trial court was correct in denying modification.
I do particularly disagree, albeit with respect, to the portion of the majority opinion that commands the trial court to now enter an amended final judgment reflecting the basis of its earlier decision. It is our appellate task to determine if the trial court arrived at a correct conclusion. The process of reasoning whereby the trial court reaches its decision is not controlling. For instance, the trial court will be af *413 firmed if the result is correct, even though based on erroneous reasoning. So this court should accord the appealed order the presumption of correctness and see if there is any legal basis whereby it may be affirmed. See generally 3 Fla.Jur.2d, Appellate Review, Section 296. The foregoing approach was specifically reflected in In re Freeman’s Petition, 84 So.2d 544 (Fla.1955) at page 547:
While, as noted, the order of dismissal did not specify this ground as a basis for the order, we will consider it under our settled practice to affirm a decree of the lower court, even though based on an erroneous ground, if its result is justified on any other ground appearing in the record. [Citation omitted.]
See also Crudele v. Cook, 165 So.2d 424 (Fla. 3d DCA 1963).
I agree that the trial court’s reasoning might be helpful to us. However, since we will not be bound by it, I do not see that it is indispensable. Moreover, I am not acquainted with any rule or authority whereby we are authorized to require the trial court to write an opinion stating reasons for a decision simply because it might be helpful.
Finally, as a matter of policy and respect, I feel that it is unwise for this court to tell a trial court that it must fashion an order or judgment, after the fact, so as to contain the basis for the decision earlier reached. To put the shoe on another foot, I imagine that my colleagues, or some of them, might be somewhat surprised if the Supreme Court should send back one of our affirm-ances without opinion with instructions to write an opinion justifying the affirmance. See Foley v. Weaver Drugs, Inc., 172 So.2d 907 (Fla. 3d DCA 1965), where the Third District Court of Appeal enunciated its reasons for being disinclined to reconsider a cause and prepare an opinion setting forth its theory and reasoning as ordered by the Supreme Court, which reasons I think are applicable to the instant case. See also Williams v. State, 425 So.2d 1163 (Fla. 5th DCA 1983); Time, Inc. v. Firestone, 279 So.2d 389 (Fla. 4th DCA 1973); Hoisington v. Kulchin, 178 So.2d 349 (Fla. 3d DCA 1965).
With this, I respectfully dissent.